RUTLAND,
*February*,
1841.

## Town of WALLINGFORD *v.* ALVIN GRAY.

The *intent* with which a pauper is transported is material, and must be proved to, and found by, the jury, in order to subject the person removing him to the penalty given by the statute.

THIS was an action brought on the statute, to recover the penalty for aiding and assisting in transporting one Phillips, a pauper, from the town of Dorset to the town of Wallingford, with intent to make the town of Wallingford chargeable with his support.

Plea, not guilty, and trial by jury.

On the trial in the county court, the plaintiffs introduced testimony tending to prove that Phillips, a transient person, not having any residence in this state, and who had been supported by the town of Dorset from the first of July, 1838, until the fifth day of January, 1839, was poor, sick with the consumption, and wholly unable to support himself, and expressed a wish to go to his friends in New Jersey, or to the sea shore; that the defendant was one of the overseers of the poor of the town of Dorset, and, on the fifth of January, 1839, furnished Phillips with thirteen dollars in money, to enable him to leave said town of Dorset, upon said Phillips engaging to go out of the state, and not to go to the town of Wallingford, Danby, or Pawlet, or any other town in this state; that said Phillips, with the means so furnished by the defendant, did go to Granville, in the state of New York, and from thence, on the same day, to Castleton, Vermont, and, on the ninth of January, to said Wallingford, where he became chargeable in one or two days after he arrived there; that he continued in Wallingford until the twentieth of July, when he went away and had not returned. The plaintiffs contended that the defendant, by thus aiding the said Phillips to depart from the town of Dorset, took upon himself the risk of the said Phillips fulfiling his engagement; and if the said Phillips, contrary to his agreement, and by means of the aid furnished by the defendant, went to the town of Wallingford, and became chargeable to that town, the defendant was liable under the statute.

But the court decided, and so instructed the jury, that unless they were satisfied that the defendant, at the time he

furnished the aid to Phillips, intended to make some town, in this state, chargeable with his support, the plaintiffs were not entitled to recover. The jury returned a verdict for the defendant, and the plaintiffs excepted to the decision and charge of the county court.

*Rutland, February, 1841.*

*Town of Wallingford v. Gray.*

*R. Pierpoint*, for plaintiffs.

It was the duty of the defendant to take effectual measures to restrain Phillips from strolling into any other town.

If the defendant thought proper to neglect his duty, and, for the purpose of freeing the town of Dorset from the burden of supporting the pauper, to assist him to go out of the town of Dorset, (when he could not get out without such assistance,) with intent to make some other town or place chargeable with his support, leaving it to the will or caprice of the pauper to determine what town or place, he is liable to the town where the pauper, in the exercise of his own will, and the use of the assistance so furnished by the defendant, finally makes himself chargeable. And it is not necessary that it should be proved that the defendant, when he rendered the assistance, intended to make some town in this state chargeable. Laws Vt. 370, 373, 382.

*D. Roberts, Jr.*, for defendant.

The court, in their charge, followed the language of the statute, yet giving the plaintiffs, in addition, the advantage of the defendant's general, as well as specific, illegal intent, if such there were. And, under this charge, the jury found that the defendant did *not* intend to make either the plaintiffs, or any other town in this state, chargeable with the support of the pauper. In the charge of the court actually given, therefore, there was no error of which the plaintiffs could complain, and the verdict under it has established the honesty of the defendant's intent.

To warrant the instructions asked for by the plaintiffs, but not given, we want a new reading of the statute : such as, " If an overseer of the poor shall furnish to any poor person, " &c., any money or other assistance, *by means whereof* he " may be enabled," &c.

The statute must be construed strictly. 1. As a penal statute, and this a suit for the penalty. 2. This is a stat-

ute proceeding, involving no question of equity or common justice, and therefore *strictissimi juris.*

To hold the defendant answerable, notwithstanding the innocence of his intent, is to nullify the plain language of the statute.

But, if the court is to legislate, then how monstrous a doctrine, that common charity should be made a crime, at law, or else so weak a virtue, that its excellence needs to be heightened by the courage necessary to defy pains and penalties in its exercise !

If, as overseer of the poor, the defendant was bound to restrain Phillips from strolling away from Dorset, it was not by this provision of the statute that he was so bound. Nor can the pauper be considered either as the wild beast turned loose, or the lighted squib tossed into the market place, that the defendant should be answerable, as an insurer, against the mischief he might do.

The opinion of the court was delivered by

COLLAMER, J.—Every part of the definition of this highly penal offence, given in the statute, is material. The defendant must be guilty of transporting, or aiding in transporting, a poor person, unable to maintain himself, from one town to another in this state, without an order of removal, *with the intent* to make such town chargeable with the maintainance. In this case, the defendant, being an overseer of the poor, furnished the pauper with some money with which to leave Dorset, and he, soon after, reached Wallingford. The whole was a question to the jury, whether the defendant was guilty ? Did he aid in transporting the pauper, and was it done with the *intent* charged ? The plaintiffs required of the court to charge the jury, in effect, that if the pauper, by means of the money furnished by defendant, came to Wallingford, then the defendant must be guilty. This would convict the defendant, entirely without regard to his *intent*, which constitutes the whole moral character of the offence.

The defendant, being an overseer of the poor, much stress is laid on the statute which provides that overseers of the poor shall take measures to prevent all the resident poor from strolling into other towns. But the statute does not provide, that, for the neglect of this duty, they shall be ad-

judged guilty of the offence, or be subject to the penalty, for which the plaintiffs are now suing.

Though furnishing the means of removal may be aiding in transporting ;—though this being done by an overseer to a sick and chargeable pauper, who thereon immediately passes into another town, may tend strongly to convince a jury of the *intent* of such overseer ; yet, it will not shut out testimony, on his part, showing another and lawful intent ; much less will it authorize a verdict against him *regardless of his intent.*

Judgment affirmed.