## INHABITANTS OF PALMER *vs.* HORACE P. WAKEFIELD.

The provision of the Gen. Sts. c. 70, § 20, subjecting to a penalty "whoever" brings a pauper into any town in the state where he is not lawfully settled, knowing him to be poor and indigent, and intending to charge the town with his relief or support, applies to public officers as well as private persons.

GRAY, J. This action is brought by the town of Palmer against the superintendent of the state almshouse at Monson, upon the Gen. Sts. c. 70, § 20, for bringing a pauper into the town of Palmer and leaving him there, knowing him to be poor and indigent and to have no lawful settlement in that town, with intent to charge the town with his relief and support.

At the trial in the superior court, as the bill of exceptions states, there was conflicting evidence upon the questions whether the defendant took the pauper from the almshouse with or without regularly and legally discharging him, whether or not the defendant at the time believed him to have a legal settlement in Palmer, and whether or not he left him there with intent to charge the town with his relief or support; and "all other facts necessary for the plaintiffs to prove under said section were admitted by the defendant."

The defendant raised no objection to the instructions of the judge as to what would constitute a violation of the statute, if he could be held liable under any circumstances. The only exception taken at the trial was to the refusal to rule that this statute was designed to prevent removal of paupers from one town to another, and had no application to the discharge of paupers from the state almshouses and their removal to any town. The court is unanimously of opinion that this ruling was rightly refused.

The statute contains no restriction of the persons by whom, or the places from which, paupers shall not be unlawfully removed; but· declares in the broadest terms that "whoever brings into and leaves any poor and indigent person in any place" (using that word as synonymous with "city or town" — Gen. Sts. *c.* 3, § 7, *cl.* 8) "in this state, wherein such pauper is not lawfully settled, knowing him to be poor and indigent, and with intent to charge such place with his relief or support, shall forfeit a sum not exceeding one hundred dollars for each offence, to be recovered in an action of tort to the use of such place." Gen. Sts. *c.* 70, § 20. Wilful and arbitrary acts of public officers in abuse of their legal authority are as much within the mischief which the statute was intended to prevent and punish, as fraudulent acts of private persons. The statute in question is but a reënactment of the St. of 1793, *c.* 59, § 15, and the Rev. Sts. *c.* 46, § 24. It was expressly ruled by Mr. Justice Wilde at *nisi prius*, and has always been assumed, that the statute of 1793 extended to overseers of the poor. *Deerfield* v. *Delano*, 1 Pick. 465. 9 Dane Ab. 195. See also *Wallingford* v. *Gray*, 13 Verm. 228; *Goshen* v. *Hillsborough*, 45 N. H. 139. Overseers of the poor, as well as other persons, were indictable at common law for fraudulently removing paupers into a parish in which they had no settlement. *Rex* v. *Busby*, 3 Bott's Poor Law, (5th ed.) 335. *The King* v. *Flint*, Cas. temp. Hardw. 370. *Regina* v. *Overseers of Storwood*, 9 Jur. 448; *S. C. nom. The Queen* v. *Jennings*, 1 New Sess. Cas. 488. In *Sturbridge* v. *Winslow*, 21 Pick. 83, cited for the defendant, it was only held that a warrant from overseers of the poor for the removal of the pauper was admissible, and, in the absence of controlling proof, sufficient, evidence in favor of the constable who served it, in an action brought against him on the Rev. Sts. *c.* 46, § 24; Chief Justice Shaw saying, "Whether this would have been a justification to the defendant from all consequences of obeying the order or not, it goes to repel and rebut the allegation that this removal was made for the unlawful purpose mentioned in the statute."

The Gen. Sts. *c.* 71, § 7, authorizing the inmates of a state almshouse to be by the alien commissioners (for whom the St.

of 1863, *c.* 240, § 6, has substituted the secretary and genera. agent of the board of state charities) " transferred from one institution to another, or sent to any state or place where they belong," do not authorize those officers to send paupers to towns in which they do not belong and have no legal settlement; and confer no more power on the inspectors to adjudicate upon the question of the actual settlement, than the corresponding provision of § 36 does upon cities and towns, by authorizing them to send to the state almshouse, " to be maintained at the public charge, all persons who may fall into distress therein, not having a settlement within the Commonwealth."

Other provisions of the statutes afford the same protection and remedies to the Commonwealth as to towns against being illegally charged with the support of paupers. The inspectors of a state almshouse, like the overseers of a town, may remove a pauper to any town " where his settlement is supposed to be," after written notice to the overseers of that town, and their failure duly to object in writing to such removal; and any town, in which a pauper who is an inmate of either of the state almshouses has a legal settlement, is liable to the Commonwealth for the expense incurred for him, in like manner as one town is liable to another in like cases. Gen. Sts. *c.* 70, §§ 17, 18; *c.* 71, § 49. If the overseers of one town unlawfully remove a pauper into another, the first town will be liable to an action by the second for his support. The fact that, if the superintendent of a state almshouse unlawfully removes a state pauper into a town, the town can have no action against the Commonwealth, certainly affords no reason for a larger protection to the superintendent, than to an overseer exercising analogous functions, from personal liability to a penalty for his own unauthorized and unlawful act.

In this case, even the question whether the pauper had been lawfully discharged from the almshouse was in controversy The defendant has been found by a jury, upon evidence tending to show unlawful intention on his part, and under instructions to which he did not except and which must therefore be presumed to have been sufficiently favorable to him in that respect,

guilty of a violation of the statute.   And he has failed to show any legal reason why judgment should not be rendered on the verdict.                                      *Exceptions overruled.*

*C. Allen*, Attorney General, for the defendant.

*G. M. Stearns*, for the plaintiffs.