UNITED STATES *v.* HARMAN.

(*District Court, D. Kansas.* June 15, 1889.

**1.** POST-OFFICE—OBSCENE PUBLICATIONS.

Under Rev. St. U. S. § 3893, providing that "every obscene, lewd, or lascivious book, pamphlet, picture, paper, writing, print, or other publication of an indecent character," is non-mailable matter, etc., the offense is committed by mailing a paper containing a single obscene article, among other articles not objectionable.

**2.** INDICTMENT AND INFORMATION—ELECTION BETWEEN COUNTS.

Where an indictment for mailing a newspaper containing an obscene article includes a number of counts, charging as a separate offense the mailing of a copy of that issue to each of a number of persons, the objection that all the counts are for the same offense should be made by motion to require the prosecution to elect, and not by motion to quash the indictment.

On Motion to Quash Indictment.

*W. C. Perry*, U. S. Atty., for plaintiff.

*David Overmeyer* and *G. C. Clemens*, for defendant.

FOSTER, J. The defendant, Moses Harman, is charged with having unlawfully and knowingly deposited in the United States post-office at Valley Falls, Kan., for mailing and delivery to different parties, a certain obscene article of an indecent character contained and printed in a publication entitled "Lucifer." There are a great number of counts in the indictment, and it is unnecessarily long. The articles complained of are four in number, and were mailed at different times. The defendant demurs to the indictment on the ground that it does not charge an offense under the law; that the statute does not reach a case of mailing a paper containing an obscene and indecent article, but that the publication, paper, or periodical itself must be of an obscene character as a whole. Section 3893 of the Revised Statute declares as follows:

"Every obscene, lewd, or lascivious book, pamphlet, picture, paper, writing, print, or other publication of an indecent character * * * are hereby declared to be non-mailable matter, and shall not be conveyed in the mails nor delivered from any post-office, nor by any letter-carrier."

Counsel for defendant, in support of the demurrer, have made an ingenious argument, and one showing much research in the field of general literature. They insist that if an article in a paper or other publication comes within the meaning of the law, then by the same reasoning a chapter or sentence of a book which is obscene would bring under the ban of the law the whole book, and would exclude it from the mails. As a result, not only medical works, but the writings of such authors as Swift, Pope, Fielding, Shakespeare, and many others, and even the Bible itself, would be denied the privileges of the United States mails. Undoubtedly there are parts of the writings of said authors, and many others equally noted, which are open to the charge of obscenity and lewdness, but any one objecting to such works being carried through the mails would be laughed at for his prudery. I have but little patience with those self-constituted guardians and censors of the public morals who are always on the alert to find something to be shocked at; who explore the wide domain of art, science, and literature to find something immodest, and who attribute impurity where none is intended. The law is founded on reason and common sense, and the statute was enacted to prevent the mails from being used to disseminate the vile literature and indecent pictures with which the country was flooded; those things calculated and intended to create and cater to a morbid appetite for obscenity and lewdness, and to corrupt the morals of the people, and especially the young, who are more susceptible to such influences. *U. S. v. Bebout*, 28 Fed. Rep. 522; *U. S. v. Chesman*, 19 Fed. Rep. 497. No one in this day can deny the right to the widest latitude of discussion of all subjects of interest to the people. Any thought which may contain the germ of an idea calculated to benefit any human being, when couched in decent language, ought to be disseminated among the people.

The question of obscenity in any particular article must depend largely on the place, manner, and object of its publication. It would not be proper to discuss certain matters in a family newspaper which might be discussed with propriety in a medical journal. Again, if the writer was in good faith attacking some great, flagrant wrong, the use of plain language, although offensive to ears polite, might be permitted. It is claimed for defendant that such is this case, but it does not so appear on the face of the indictment. It seems to me that the first two of the articles set out are *per se* obscene and indecent in a publication for general circulation. Is it an offense under the statute to knowingly mail a paper containing an article or articles obscene, lewd, or indecent, or must the paper as a whole be obnoxious? If the latter is the rule, it would seem to apply to writing as well as printing. So a letter or other writing, unless the objectionable contents largely predominate, could not be excluded from the mails. The statute uses the words "print or other publications of an indecent character." What is meant by print? Is it printed letters, or a picture? The word "picture" appears just before it in the statute. Undoubtedly, in its broadest sense it may be an impression of either figures, characters, or letters. In the more common sense it is used as applicable to letters. Another question naturally arises under the statute. Does the term publication necessarily refer to the paper published as a whole, or may it properly be applied to an article published in the paper? We speak of the publication of legal notices, or the publication of an article in a newspaper. Suppose the obscene article was cut from the paper and inclosed in an envelope. It would be a print or publication, and would be non-mailable. I can see no reason why it is any the less objectionable when mailed as an integral part of the original paper.

It is apparent that the construction of the statute contended for by defendant would practically defeat the object and purpose of the law. It would be a very dull man who could not conform his publication or written communication to the exigencies of the situation. A further objection is made to the indictment, that there is a joinder of a multitude of counts for the same offense. I have serious doubts whether the publisher of an obscene paper can be convicted of a separate offense for every person to whom he shall mail that particular issue of his paper. At the minimum imprisonment, even under a fine, the ordinary human life might not serve to fill out the period. But it seems to me that the most defendant can claim on that ground is that the government be required to elect on which counts it will prosecute. The motion to quash is overruled.

Since writing the foregoing opinion my attention has been called to a case recently before Judge Thayer, of the Eastern district of Missouri,— *U. S. v. Clarke, ante,* 500. From what appears in the published extract of the case, it seems Judge Thayer takes a similar view of the law, on the chief points, as herein expressed.