### UNITED STATES v. WESTMAN.

(District Court, D. Oregon. November 17, 1910.)

#### No. 5,270.

1. COMMERCE (§ 62*)—INTERSTATE COMMERCE—REGULATION—CONSTITUTIONALITY OF "WHITE SLAVE TRAFFIC ACT."

Act June 25, 1910, c. 395, 36 Stat. 825, known as the "White Slave Traffic Act," making it a criminal offense to knowingly transport or to procure the transportation of women from one state into another for immoral purposes, is not unconstitutional as an attempted infringement of the police powers of the states, and is within the powers conferred on Congress by the commerce clause of the Constitution.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 62.*]

2. INDICTMENT AND INFORMATION (§ 125*)—DUPLICITY—INTERSTATE TRANSPORTATION OF WOMEN FOR IMMORAL PURPOSES.

A count in an indictment under Act June 25, 1910, c. 395, 36 Stat. 825, for transporting women from one state into another for immoral purposes, is not bad for duplicity, because it charges the transportation of two women at the same time for the same purposes.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 334–400; Dec. Dig. § 125.*]

3. COMMERCE (§ 16*)—DEFINITION.

Commerce consists in intercourse and traffic, including in these terms navigation and the transportation and transit of persons and property, as well as the purchase, sale, and exchange of commodities.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 16.*

For other definitions, see Words and Phrases, vol. 2, pp. 1287–1289; vol. 8, pp. 7606, 7607.]

Indictment in nine counts against David Westman under Act June 25, 1910, c. 395, 36 Stat. 825, known as the "White Slave Traffic Act." On demurrer. Overruled.

Walter H. Evans, Asst. U. S. Atty.

J. M. Long, for defendant.

WOLVERTON, District Judge. The indictment is challenged upon two grounds: First, that the act under which it is drawn is unconstitutional, as an unwarrantable attempt on the part of Congress to exercise police powers, which powers, generally speaking, belong to the states; and, second, that the conduct of persons transporting or causing to be transported other persons from one state into another is not a proper subject of commerce, and therefore that Congress was without power to legislate concerning the traffic.

The case of Keller v. United States, 213 U. S. 138, 29 Sup. Ct.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

470, 53 L. Ed. 737, is cited in support of the first objection. That was a case involving the keeping, harboring, and maintenance of a woman wholly within the confines of a single state for the purpose of prostitution, and it was held that the matter was one for the police regulations of the state. Such is not the case here, as all the counts are based upon the act of transportation, or causing to be transported, or aiding or assisting in the transportation by the purchase or supplying with tickets therefor, etc., from one state into another; the said transportation being for some unlawful purpose denounced by the law. Hence, the local feature of the criticisms is eliminated, and the indictment should stand as against the objection.

As to the second objection, the law in its intendment is aimed at the transportation of certain persons, or the procuring to be transported such persons, from one state into another, for evil, immoral, unlawful, and pernicious purposes, and is to be sustained, if at all, under the commerce clause of the federal Constitution. But can there be any further doubt that the subject of legislation is one of interstate commerce? It was said in the Passenger Cases, 7 How. 283, 12 L. Ed. 702, by one of the justices, in a concurring opinion, that:

"Commerce is defined to be 'an exchange of commodities.' But this definition does not convey the full meaning of the term. It includes 'navigation and intercourse.' That the transportation of passengers is part of commerce is not now an open question."

This was in a case where it was sought to impose certain taxes upon alien passengers coming into the states of New York and Massachusetts. In another case, County of Mobile v. Kimball, 102 U. S. 691, 26 L. Ed. 238, Mr. Justice Field, delivering the judgment of the court, said:

"Commerce with foreign countries and among the states, strictly considered, consists in intercourse and traffic, including in these terms navigation and the transportation and transit of persons and property, as well as the purchase, sale, and exchange of commodities."

And again, in Covington, etc., Bridge Company v. Kentucky, 154 U. S. 204, 218, 14 Sup. Ct. 1087, 1092 (38 L. Ed. 962), the court said, among other things, that:

"Commerce was defined in Gibbons v. Ogden, 9 Wheat. 1, 189 (6 L. Ed. 23) to be 'intercourse,' and the thousands of people who daily pass and repass over this bridge may be as truly said to be engaged in commerce as if they were shipping cargoes of merchandise from New York to Liverpool."

This was with reference to the travel across the bridge between Covington, Ky., and Cincinnati, Ohio. The case arose in relation to certain tolls sought to be charged or received for persons passing over the bridge. Another case, which goes into the subject very thoroughly and reviews many others, is that known as the Lottery Case, 188 U. S. 321, 23 Sup. Ct. 321, 47 L. Ed. 492, where it was held that Congress had the authority to prohibit the interchange of lottery tickets between the states, because of the evil effects that the dealing in such tickets had upon the public.

Under these authorities, it is plain that the law now under consideration is within the power of Congress to adopt. Hence, the second objection to the indictment must also fail.

Another point is made, as to the first three counts, that the indictment charges more than one crime, to wit, a crime for transporting one Myrtle Westman, and another for transporting one Carrie Bledsoe, for the purposes named in the indictment. I do not think this objection well taken, because the charge is of a single act, to wit, the transporting of the two women at the same time and for the same purpose.

The demurrer to the indictment will therefore be overruled.