## UNITED STATES v. WARNER.

(Circuit Court, S. D. New York. June 16, 1911.)

COMMERCE (§ 47*)—INTERSTATE COMMERCE—IMMORAL PURPOSES—STATUTES—
CONSTITUTIONALITY.

Act Cong. June 25, 1910, c. 395, 36 Stat. 825, making it a criminal offense for a person to transport, or assist or pay for transportation, from one state to another, of any woman for an immoral purpose, though apparently interfering with the police power of the state, is not unconstitutional.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 47.*]

John Warner was indicted for transporting a woman for immoral purposes from one state to another, in violation of Act Cong. June 25, 1910, and demurs. Overruled.

Henry A. Wise, U. S. Atty., and Daniel Day Walton, Jr., Asst. U. S. Atty.

Charles W. Bacon, for defendant.

HOLT, District Judge. This is a demurrer to an indictment. The indictment is brought under the act of June 25, 1910, making it a criminal offense for a person to transport or assist or pay for the transportation from one state to another of any woman for an immoral purpose. The ground of the demurrer is that the act is unconstitutional.

If this were an original question, my opinion would be that the act is unconstitutional. I do not believe that the framers of the Constitution ever imagined that the power conferred upon Congress by the Constitution to regulate commerce between the states would authorize the enactment by Congress of such a statute. Under this statute, if a man takes a woman for an immoral purpose from New York across the North River to Jersey City, he is guilty of a crime punishable by imprisonment for five years and a fine of $5,000. If the same man takes the same woman for the same purpose from New York across the East River to Brooklyn, he is guilty of no crime at all. This statute, in my opinion, in effect attempts to exercise a purely police power of the state, under the guise of regulating commerce. If this statute is constitutional, it is in the power of the federal government to make it a criminal act for any person to go from one state to another while engaged in any crime, fraud, or object which may be deemed objectionable by Congress. But in view of the decisions of the Supreme Court in the Lottery Case, 186 U. S. 321, 23 Sup. Ct. 321, 47 L. Ed. 492, holding that Congress had authority to prohibit the transmission of lottery tickets between the states, of the Passenger Cases, 7 How. 283, 12 L. Ed. 702, holding that the transportation of passengers is a part of commerce, of Judge Wolverton, in U. S. v. Westman (D. C.) 182 Fed. 1017, holding the statute constitutional, and the general tendency of legislation and of judicial decisions in recent years upon cognate subjects, I think it is sufficiently doubtful

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whether the act in question will be held unconstitutional by the United States Supreme Court to make it improper for a court of first instance to hold it to be so.

The demurrer is overruled.