KALEN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 6, 1912.)

No. 2,052.

**1. CRIMINAL LAW (§ 1167*)—APPEAL AND ERROR—HARMLESS ERROR.**

Where a defendant indicted on two counts was convicted on both and given less than the maximum sentence permissible under either one, it is no ground for reversal of the judgment that one of the counts may have been defective.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3101, 3103–3106; Dec. Dig. § 1167.*]

**2. CRIMINAL LAW (§ 1129*)—APPEAL AND ERROR—ASSIGNMENT OF ERRORS.**

A general assignment of "error in law occurring at the trial and excepted to by the defendant" is not sufficient to call attention to any particular error or to require its consideration by the appellate court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2954–2964; Dec. Dig. § 1129.*]

**3. CRIMINAL LAW (§§ 1153, 687*)—RECALLING FOR CROSS-EXAMINATION—REVIEW—MATTERS OF DISCRETION.**

Permitting the district attorney in a criminal case to recall the defendant for further cross-examination after defendant has closed his case is a matter within the discretion of the trial court and not reviewable.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3061–3066, 1621, 1622, 1625; Dec. Dig. §§ 1153, 687.*]

**4. COMMERCE (§ 47*)—INTERSTATE COMMERCE—WHITE SLAVERY ACT—CONSTITUTIONALITY.**

Act June 25, 1910, c. 395, 36 Stat. 825 (U. S. Comp. St. Supp. 1911, p. 1343), commonly known as the White Slavery Traffic Act, making it a criminal offense for a person to transport or assist or pay for transportation from one state to another of any woman for an immoral purpose, is within the power of Congress to regulate interstate commerce and is constitutional.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 26; Dec. Dig. § 47.*]

In Error to the District Court of the United States for the Eastern Division of the Eastern District of Washington.

Criminal prosecution by the United States against Dan Kalen. Judgment of conviction, and defendant brings error. Affirmed.

W. C. Donovan and W. W. Zent, both of Spokane, Wash., for plaintiff in error.

Oscar Cain, U. S. Atty., and E. C. Macdonald, Asst. U. S. Atty.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The plaintiff in error was indicted for violation of the act of Congress of June 25, 1910 (36 Stat. 825), generally known as the White Slavery Traffic Act. The indictment contained two counts, one under section 2 of the act, and the other under section 4. He was convicted on both counts.

The contention is made that the second count does not follow the

language of the fourth section of the act, and that it charges no offense. It charges that:

The plaintiff in error on a date named "did knowingly and unlawfully transport and cause to be transported from the state of Washington into the state of Montana in interstate commerce, one certain woman, to wit, Mabel Rea, which said Mabel Rea was then and there under the age of 18 years, with the intention and purpose then and there to induce, incite and compel such woman to become a prostitute, and give herself up to debauchery, contrary to the form of the statute in such case made and provided," etc.

[1] It is true that the count does not follow in all respects the language of the statute, but it contains the substance of it, and all that was necessary to be alleged in order to show that the acts of the plaintiff in error constituted a violation of the act. But if it were true that the second count was pleaded in such a defective manner as to charge no offense under the act, that fact would not be ground for reversing the judgment. Under the second section of the act, the punishment prescribed is imprisonment not to exceed five years, or a fine not to exceed $5,000, or both. While the punishment permissible under the fourth section is greater, the plaintiff in error, having been convicted under both counts, and having been sentenced to but three years in the penitentiary, is in no position to avail himself of any defect there may have been in pleading the second count.

[2, 3] It is contended that the court erred in permitting the plaintiff in error to be recalled for further cross-examination by the district attorney after the case had been closed for the plaintiff in error, and that he was required to answer the question, "You were fired from the police department, were you not?" It is not denied that this was proper cross-examination of the testimony given by the plaintiff in error while testifying in his own behalf, in which he had said that he had resigned from the police department. It would be a sufficient answer to the contention to point to the fact that the plaintiff in error did not, in his assignments of error, assign error to that ruling of the court. The general assignment of "error in law occurring at the trial and excepted to by the defendant" is not sufficient to direct the attention to any particular error. But, aside from that, however, we find no error in the ruling of the trial court. The objection which is made is that the district attorney was permitted to recall the plaintiff in error for such cross-examination after his own testimony had been closed. The granting of such permission was within the discretion of the trial court.

[4] It is urged that the act of Congress under which the plaintiff in error was indicted and convicted is unconstitutional; that, while it purports to be the regulation of commerce, it is not in fact the regulation of commerce. The constitutionality of the act has been brought in question and sustained in two cases (United States v. Westman [D. C.] 182 Fed. 1017, and United States v. Warner [C. C.] 188 Fed. 682). In view of what has been said in the decisions of the Supreme Court in Gibbons v. Ogden, 9 Wheat. 1, 189, 194,[1] The Passenger Cases, 7 How. 283, 12 L. Ed. 702, Mobile v. Kimball, 102 U. S. 691, 26 L. Ed. 238, and Covington Bridge Co. v. Kentucky, 154 U. S. 204, 14 Sup. Ct. 1087, 38 L. Ed. 962, all expressing the general doctrine that, while commerce is defined to be an exchange of com-

[1] 6 L. Ed. 23.

modities, it is in fact broader and more comprehensive in scope, and includes navigation and all forms of intercourse, whether by communication by telegraph, or travel by passengers on trains or boats, we are not convinced that the act is unconstitutional. In the Lottery Case, 188 U. S. 321, 23 Sup. Ct. 321, 47 L. Ed. 492, it was held that the transportation of lottery tickets by carriers from one state to another is interstate commerce which Congress may prohibit, and that such legislation prohibiting the carriage of such tickets is not inconsistent with any limitation or restriction imposed by the Constitution upon the exercise of the powers granted to Congress.

We find no error. The judgment is affirmed.