### RUUD MFG. CO. v. PITTSBURG WATER HEATER CO.

(Circuit Court of Appeals, Second Circuit. May 12, 1913.)

No. 225.

1. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—GAS BURNER.

   The Ruud patent, No. 761,409, for a gas burner of the Bunsen type, for use particularly in automatic water heaters, discloses invention and is valid; also *held* infringed by the burner of the Frampton patent, No. 980,236.

2. PATENTS (§ 328*)—VALIDITY—GAS BURNER.

   The Ruud patent, No. 875,218, for a gas burner, *held* void for lack of invention, in view of the prior art.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Ruud Manufacturing Company against the Pittsburg Water Heater Company. Decree for defendant, and complainant appeals. Reversed in part, and affirmed in part.

For opinion below, see 200 Fed. 440.

S. T. Cameron, Reeve Lewis, C. A. L. Massie, and R. L. Scott, all of New York City, for appellant.

Gifford & Bull, of New York City (Paul Synnestvedt, of Pittsburgh, Pa., J. Edgar Bull, of New York City, and James C. Bradley, of Pittsburgh, Pa., of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. The complainant is the owner of two patents issued to one Ruud for burners in heating apparatus, particularly in automatic water heaters, and most particularly in those which use natural gas, the supply of which is controlled both by a water valve and a thermostatic valve. These are called T. V. heaters; that is, thermostatic valve heaters. Automatic water heaters all use burners of the Bunsen type, in which gas and air are mixed in a mixing chamber,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from which it is passed through a perforated wire gauze to the point of combustion. The combustion of artificial as compared with natural gas is so quick and complete that there is a marked tendency in the gas to burn back of the wire gauze burner plate into the mixing chamber. This prevents complete combustion, causes explosions, and is undesirable in other ways. The object of both patents is to prevent the back burning of the gas.

[1] The claims of patent No. 761,409 sued on are:

"1. The combination, with a gas and air mixing chamber, of an expanded discharge chamber having an open front, a direct passageway connecting said mixing chamber with said discharge chamber and open front, a foraminous burner plate extending across the front of said discharge chamber, and a cap plate secured to the discharge chamber in front of the burner plate and having an upper discharge opening."

"4. The combination with a gas and air mixing chamber, of an expanded discharge chamber having an open front, a direct passageway connecting said mixing chamber with said discharge chamber and open front, a foraminous burner plate extending across the front of said discharge chamber, a cap plate covering the front of said discharge chamber and having an upper discharge opening and connections by which the burner plate is clamped in position between the discharge chamber and cap plate.

"5. The combination, with a gas and air mixer, of a discharge chamber having an open front, a foraminous burner plate extending across the front of said chamber, a cap plate secured to the discharge chamber in front of the burner plate and having an upper discharge opening, and a guard plate extending rearwardly on the cap plate beyond the joint between said plate and the discharge chamber."

Patent No. 875,218 is an improvement upon 761,409, substantially in adding a row of teeth to the top of the cap plate in front of the burner plate, which further prevents the back burning. The claims sued on are:

"1. The combination, with a gas and air mixing chamber, of an expanded discharge chamber open directly to the mixing chamber and having an open front, a foraminous burner plate extending across the front of said discharge chamber, a cap plate secured to the discharge chamber in front of the burner plate and forming therewith an elongated narrow burner opening, said cap plate having formed on its inner side a plurality of separate and independent discharge channels at and near its top and leading to the outer end of the burner opening."

"4. The combination, with a gas and air mixing chamber, of an expanded discharge chamber opening directly to a mixing chamber and having an open front, a foraminous burner plate extending across the front of said discharge chamber, a cap plate covering the front of said discharge chamber and separated therefrom by an intervening space and forming therewith an elongated narrow burner opening, said plate having a plurality of separated ribs or projections extending from its inner face to the burner plate at and near the top thereof, means projecting over and shielding the burner opening and connections by which the burner plate is clamped in position between the discharge chamber and the ribs of the cap plate."

The first great improvement in the art of heating these water heaters was made by Buerkle, in his patents Nos. 637,849 and 637,850, by substituting a vertical perforated gauze burning plate for a horizontal one. Kelly, No. 50,938, had also shown a vertical gauze plate, but it lacked elements which contributed to the success of Buerkle.

The Ruud, Buerkle, and defendant's burners are represented in this cut:

The burner plate is marked No. 4 in each.

We cannot concur with the District Judge that there was no invention in Ruud's patent, 761,409, over Buerkle's patents, 637,849 and 637,850. Buerkle's burner plate was circular in form, rested on its lower end on a seat in the lower end of the head 1 and held the cover 6 on its upper end by means of a seat in the cover. The circular shape and frail material of the burner plate gave it a tendency when exposed to heat to warp and leak, and so to permit back burning, which it was essential to prevent.

On the other hand, Ruud was the first person to use a flat vertical burner plate. Claim 4 describes it as "clamped between the cap plate and the discharge chamber." In other words, its edges were held between the flanges at each end of the cap plate 5 and the solid shell. There was thus an entire absence of any tendency to distortion caused by pressure, and much less to distortion caused by heat. This was, in our opinion, a very valuable improvement. Perhaps the best evidence of it is the fact that though the defendant is the owner of the Buerkle patents, it does *not* use them for artificial gas, but uses a structure which we think a mere duplication of the Ruud structure. Instead of one flat burner plate, it uses two in each lamp—that is, one on each side—clamped as the Ruud is, between flanges at each end of the cap plate 7 and the shell. Another variation is that its cover 5 is independent and not integral with the cap plate. This in our opinion makes no change in the function and is immaterial. Our conclusion is that Ruud's patent, No. 761,409, is valid.

[2] We agree with the District Judge that Ruud patent, No. 875,-218, which simply adds a row of teeth at the top of and inside the cap plate leading to the outer end of the burner opening, is invalid, in view of the prior use of the Rose burner, which had such teeth for the same purpose.

The decree is modified, by directing the usual decree in favor of the complainant on patent 761,409, the bill to be dismissed as to patent 875,218, and neither party to have the costs of this court.