WETZEL v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit. July 3, 1916.)

No. 2696.

1. INDICTMENT AND INFORMATION ⊚⇒132(4), 137(6)—MOTION TO QUASH—DIS-
CRETION OF COURT.

A motion to quash an indictment on the ground that the three counts
charged the same offense is properly denied, for such a motion is not
favored, and is addressed to the discretion of the court, while a motion
to elect is the proper remedy.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig.
§§ 439–443, 445, 486; Dec. Dig. ⊚⇒132(4), 137(6).]

2. POST OFFICE ⊚⇒48(2)—OFFENSE—INDICTMENT—SUFFICIENCY.

An indictment under Criminal Code (Act March 4, 1909, c. 321) § 211,
35 Stat. 1129 (Comp. St. 1913, § 10381), making it an offense to mail any
writing giving information as to where, how, from whom, or by what
means articles for producing an abortion may be procured, alleging that
defendant mailed a letter and notice, consisting of the printed figures
938 and 100 pasted on the back of a political circular, whereby notice
was given that articles and things designed and adapted for producing
an abortion might be procured at 938 Fillmore street at a cost of $100,
is sufficient to charge an offense.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 70; Dec. Dig.
⊚⇒48(2).]

3. CRIMINAL LAW ⊚⇒1167(2)—APPEAL—HARMLESS ERROR.

Where accused's motion to require the government to elect on which
count of the indictment charging violations of the postal laws (Criminal
Code, § 211) was denied, but the judgment of sentence did not purport to
be a sentence on two counts, and the sentence imposed did not exceed
that which was permissible on conviction of a single offense, the denial
of the motion cannot be complained of, there having been but a single
criminal act, for, where conviction is had on more than one count, the
sentence, if it does not exceed that which might be imposed on convic-
tion under any single count, is good if any count be sufficient.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3103; Dec.
Dig. ⊚⇒1167(2).]

In Error to the District Court of the United States for the First Di-
vision of the Northern District of California; M. T. Dooling,
Judge.

J. F. Wetzel was convicted of violating the postal laws, and he
brings error. Affirmed.

The plaintiff in error was indicted under three counts for violation of sec-
tion 211, United States Criminal Code. The first count charged in substance
that on August 13, 1912, at San Francisco, he did willfully, unlawfully, know-
ingly, and feloniously deposit and cause to be deposited in the post office es-
tablishment of the United States a certain letter and notice inclosed in a
sealed envelope, on which the postage had been prepaid, addressed to Claude
L. Coon, Box 741, Kingman, Ariz., which said written letter and notice con-
sisted of the figures "938" and "100" pasted on the back of a printed circular
containing certain printed matter which was a notice of the time and place
of certain political speeches to be made in San Francisco and was set forth;
that the figures pasted on the back of said circular gave information that
divers articles and things designed and intended for producing abortion might
be obtained at 938 Fillmore street in the city and county of San Francisco
at a cost of $100. The second count differed from the first in charging that

the figures on the mailed notice gave the information that an act and operation for procuring and producing abortion would be done and performed at No. 938 Fillmore street at a cost of $100. The third count differed from the others in charging that the notice gave information that an abortion would be produced by him, the said defendant, at No. 938 Fillmore street, for the sum of $100.

There was a motion to quash the indictment on the ground that it charged the defendant three times with the same offense, and there was a demurrer to the indictment on the ground that in neither count were facts stated sufficient to constitute an offense against the laws of the United States, and on the ground that the indictment is ambiguous, in that it cannot be ascertained therefrom how and in what manner the figures referred to gave the information prohibited by section 211 of the Criminal Code, and further that the indictment is uncertain and unintelligible, and the figures so referred to therein are without unlawful meaning. The motions to quash and the demurrers were overruled, as was also the motion of the plaintiff in error to require the United States to elect upon which count the plaintiff in error was to be tried.

It was shown on the trial: That the plaintiff in error had published in the newspapers an advertisement reading: "Old reliable specialists for women." "Accommodations, nurse, adoption, etc. 938 Fillmore Street." That on August 10, 1912, a letter was mailed at Kingman, Ariz., addressed to "Doctor, 938 Fillmore Street, San Francisco, California," in which the writer referred to the advertisement and asked for information as to what the doctor's fee would be for performing an abortion upon a young woman and inquiring when do "you want her to come." That in answer to that letter the plaintiff in error mailed to the writer thereof the printed circular, on the back of which were pasted the figures "938" and "100."

The jury found the plaintiff in error "guilty on the first count of the indictment, and guilty on the second and third counts of the indictment." There was a motion for a new trial, which was granted as to the first count, but denied as to the second and third counts. Thereafter judgment was rendered on the verdict as to the second and third counts.

Catlin, Catlin & Friedman, of San Francisco, Cal. (Augustine C. Keane, of San Francisco, Cal., of counsel), for plaintiff in error.

John W. Preston, U. S. Atty., and M. A. Thomas, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] It is assigned as error that the court overruled the defendant's motion to quash the indictment, which was interposed on the ground that the indictment charged one offense in three counts. That defect, if it existed, was no ground for quashing all three counts. A motion to quash is not favored by the courts. It is ordinarily addressed to the discretion of the court. Durland v. United States, 161 U. S. 306, 16 Sup. Ct. 508, 40 L. Ed. 709; Hillman v. United States, 192 Fed. 264, 112 C. C. A. 522. And the objection that all the counts are for the same offense should be made by motion to require the prosecution to elect, and not by a motion to quash the indictment. United States v. Harmon (D. C.) 38 Fed. 827.

[2] It is urged that the indictment is defective, in that it does not set forth the facts upon which the government relied to show that the printed circular mailed by the defendant contained information forbidden by the statute. But the indictment in the first count states that

the figures so pasted on the back of the circular "then and there gave information that divers articles and things designed, adapted, and intended for producing abortion might be obtained at 938 Fillmore street," and there is a corresponding allegation in the other counts. The indictment substantially conforms to that which was approved in United States v. Grimm (D. C.) 50 Fed. 528, and Grimm v. United States, 156 U. S. 604, 15 Sup. Ct. 470, 39 L. Ed. 550, cited by the defendant as examples of proper pleading.

[3] It is contended that the court erred in not requiring the government to elect on which of the three counts the defendant should be tried. The first count charged that the letter sent by the defendant gave information where divers articles and information designed and intended for producing abortion might be obtained, the second charged that it gave information where an operation for abortion could be performed, and the third that it gave information as to who would perform the operation. The verdict on the first count has been set aside, and the court has ordered a new trial thereon. We do not find it necessary to inquire whether the defendant could have been compelled to go to trial on an indictment which, by the means alleged, charged him in one count with giving information as to the place where an abortion might be performed, and in another with giving information as to the person by whom it might be performed.

We are inclined to the view that such pleading was permissible. But, however that may be, we think that in this case the defendant has suffered no prejudice by the ruling of the trial court. Obviously the offense of which he was charged, and for which he was convicted, and upon which he was sentenced, was the single act of sending by mail the figures "938" and "100" in answer to a letter of inquiry as to a proposed abortion. The judgment of the court was:

"That, whereas, said J. F. Wetzel having been duly convicted in this court of the crime of violation of section 211 Criminal Code of the United States, it is therefore ordered and adjudged that said J. F. Wetzel be imprisoned for the term of six months in the Alameda county jail, Alameda county, California."

This is not a sentence upon two counts, but it is in form a sentence upon a conviction of a single offense. The sentence which was imposed does not exceed that which is permissible upon a single offense. Where a verdict of guilty is rendered upon more than one count, and the sentence does not exceed that which might properly be imposed upon conviction under any single count, the sentence is good if either count is found sufficient. Claassen v. United States, 142 U. S. 140, 12 Sup. Ct. 169, 35 L. Ed. 966; Evans v. United States, 153 U. S. 608, 14 Sup. Ct. 939, 38 L. Ed. 839; Kalen v. United States, 196 Fed. 888, 116 C. C. A. 450; Norton v. United States, 205 Fed. 593, 123 C. C. A. 609; Tubbs v. United States, 105 Fed. 59, 44 C. C. A. 357.

We find no error. The judgment is affirmed.