### BACIGALUPI v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. August 1, 1921.)

No. 3664.

1. **Poisons** ⬅9—**Indictment for dispensing morphine held to show defendant was a person required to register under statute.**

An indictment alleging that defendant, being a person required to register, unlawfully, willfully, and knowingly sold, dispensed, and distributed a derivative of opium, to wit, six grains of morphine, which was not then in original stamped packages, nor taken from original stamped packages, sufficiently alleged that defendant was a person required to register, under Act Dec. 17, 1914 (Comp. St. §§ 6287g–6287q), as amended by Act Feb. 24, 1919 (Comp. St. Ann. Supp. 1919, §§ 6287g, 6287l).

2. **Indictment and information** ⬅203—**Sentence permissible under single count must stand, when verdict general, though some counts not good.**

Where defendant was found guilty by a general verdict on all four of the counts of an indictment, and a general sentence not exceeding that permissible on a single count was imposed, the sentence must stand, though some of the counts are defective.

In Error to the District Court of the United States for the First Division of the Northern District of California; Maurice I. Dooling, Judge.

John Bacigalupi was convicted of offenses, and he brings error. Affirmed.

Nathan C. Coghlan, of San Francisco, Cal., for plaintiff in error.
Frank M. Silva, U. S. Atty., and W. H. Tully, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was found guilty and sentenced under four counts of an indictment. The first two counts are similar. They charge that the defendant did violate the requirements of the Act of December 17, 1914 (Comp. St. §§ 6287g–

---

6287q), as amended February 24, 1919 (40 Stat. 1130 [Comp. St. Ann. Supp. 1919, §§ 6287g, 6287*l*]), in that, being a person required to register under the terms of said act, he did then and there unlawfully, willfully, and knowingly have in his possession, with intent to sell, a certain derivative of coca leaves, to wit, eight bindles of cocaine hydrochloride, 13 grains each, etc., without having registered with the collector of internal revenue, and without having paid the special tax required by law. The third and fourth counts charge the violation of said act and the amendment thereof, in that, being a person required to register under the terms of said act, he did unlawfully, willfully, and knowingly sell, dispense, and distribute a certain derivative of opium, to wit, six grains of morphine, which morphine was not then and there in original stamped packages, nor was it taken from original stamped packages. A demurrer to each count of the indictment was overruled, and the grounds of the demurrer were subsequently presented in a motion in arrest of judgment, which was likewise overruled.

[1] The plaintiff in error contends that each count of the indictment is fatally defective, in that it fails to show that the defendant was a person required to register under the act, in that it contains no allegation that he was one of the persons who "import, manufacture, produce, compound, sell, deal in, dispense or give away opium," etc.

The first two counts of the indictment charge that the defendant had in his possession "with intent to sell" the derivatives of coca leaves and the derivatives of opium described therein. Whether it is sufficiently alleged therein that the defendant was one of the classes of persons who were required to register under the terms of the act we need not pause to consider. The third and fourth counts charge that the defendant "did knowingly, unlawfully, and willfully sell, dispense, and distribute" derivatives of opium and derivatives of coca leaves. That allegation is sufficient, we think, to show that he was a person who was required to register under the Act of December 17, 1914, and the amendment of February 24, 1919. Pierriero v. United States (C. C. A.) 271 Fed. 912.

[2] He was found guilty by a general verdict on all four of the counts of the indictment. The sentence which was imposed was a general sentence, and it does not exceed a permissible sentence upon a single count. It is well settled that, where a verdict of guilty is rendered upon several counts, and the sentence does not exceed that which might be properly imposed upon conviction on the counts which are good, the sentence must stand. Claassen v. United States, 142 U. S. 140, 12 Sup. Ct. 169, 35 L. Ed. 966; Evans v. United States, 153 U. S. 608, 14 Sup. Ct. 939, 38 L. Ed. 839; Kalen v. United States, 196 Fed. 888, 116 C. C. A. 450; Wetzel v. United States, 233 Fed. 984, 147 C. C. A. 658.

The judgment is affirmed.