## KUEHN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 2, 1925.)

No. 4581.

1. **Criminal law ☞1032(6), 1044, 1050—Whether possession and sale of intoxicating liquor constituted single offense held not reviewable without demurrer, motion, or exception.**

Whether possession and sale of intoxicating liquor, of which defendant was convicted in fact, constituted but single offense, *held* not reviewable in absence of demurrer to information on that ground, motion for election, or exceptions to admission of evidence or to instructions, particularly in view of sentence not greater than maximum sentence for unlawful sale.

2. **Criminal law ☞984—Rule as to validity of sentence after conviction on several counts, stated.**

Where conviction is on more than one count, sentence not exceeding that which might be imposed on any single count is good if that count is sufficient.

3. **Criminal law ☞1129(6)—Assigned errors, relating only to counts of information on which defendant was acquitted, not grounds for reversal.**

Assigned errors, relating only to instructions and evidence on counts on which defendant was acquitted, not ground for reversal of conviction on other counts.

In Error to the District Court of the United States for the Northern Division of the District of Idaho; Frank S. Dietrich, Judge.

Paul Kuehn was convicted of possessing and selling intoxicating liquor, and he brings error. Affirmed.

W. D. Keeton, of St. Maries, Idaho, and W. B. McFarland, of Cœur d'Alene, Idaho, for plaintiff in error.

H. E. Ray, U. S. Atty., and William H. Langroise and Carl A. Burke, Asst. U. S. Attys., all of Boise, Idaho.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. [1, 2] On an information which contained five counts, the plaintiff in error was convicted under the first two, the one charging him with the unlawful possession of a pint of moonshine whisky on July 2, 1924, and the other charging him with the unlawful sale of a pint of moonshine whisky on that date. He contends that the two offenses so charged are, in fact, but one, and he assigns error on the ground that he is twice punished for a single offense. We need not pause to inquire whether the two offenses are in fact but one. No demurrer was interposed to the information on that ground, nor was any motion made for election, and no exception was taken to the admission of evidence or to the instructions of the court on these charges. Bilboa v. United States (C. C. A.) 287 F. 125. Again, if indeed the two offenses were but one, the fact cannot avail the plaintiff in error. There was but one sentence, and it was a permissible sentence for the offense charged in the second count. Where conviction is had upon more than one count, the sentence, if it does not exceed that which might be imposed on one count, is good if that count is sufficient. Dunbar v. United States, 156 U. S. 185, 15 S. Ct. 325, 39 L. Ed. 390; Wetzel v. United States, 233 F. 984, 147 C. C. A. 658; Kalen v. United States, 196 F. 888, 116 C. C. A. 450; Bacigalupi v. United States (C. C. A.) 274 F. 367.

[3] Error is assigned to certain instructions given by the court and certain evidence admitted upon the trial, but those instructions and evidence relate wholly to counts of the information upon which the jury failed to convict the plaintiff in error. They do not affect the question of his conviction upon the first two counts.

The judgment is affirmed.