### KOTH v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 29, 1926.)

#### No. 4923.

1. **Criminal law** ⟨⟩394—**Evidence obtained without warrant, after detecting odor of fermenting mash, held admissible.**

Evidence obtained by officers without warrant, more than quarter of a mile from defendant's place of residence on investigation after detecting odor of fermenting mash, *held* admissible.

2. **Criminal law** ⟨⟩4—**Congress has power to define offenses.**

Congress has power to define offenses and what act shall constitute an offense.

3. **Indictment and information** ⟨⟩132(7)—**Possession of still for manufacture and unlawfully manufacturing liquor are distinct offenses, and government need not elect between counts.**

Possession of still for manufacture of liquor and unlawful manufacture thereof constitute distinct offenses, and government need not elect between prosecution on counts therefor.

4. **Criminal law** ⟨⟩984—**That certain counts were merged is immaterial, where sentence on several counts did not exceed that which might have been imposed on one.**

Where sentence on conviction under several counts did not exceed that which might have

been imposed on one count, it is immaterial that certain counts were merged with others.

**5. Searches and seizures ⊕7—Search on open premises without warrant held not unreasonable (Const. Amend. 4).**

Search without a warrant on open premises a quarter mile from defendant's residence *held* not unreasonable, under Const. Amend. 4.

**6. Searches and seizures ⊕7—Special protection to people in "persons, houses, papers, and effects" does not extend to open fields (Const. Amend. 4).**

Special protection afforded by Const. Amend. 4 to persons houses, papers, and effects, is not extended to open fields.

**7. Criminal law ⊕394—That officers may have been trespassers in making search of open field does not exclude evidence.**

That officers, making search of open field more than a quarter mile from defendant's residence, after detecting odor of fermenting mash and seeing · drunken man come from such direction, may have been trespassers, does not exclude evidence.

**8. Intoxicating liquors ⊕143—Word "place," as used in law defining common nuisance as room, house, building, boat, vehicle, structure, or place where liquor is sold, is limited to things of same kind (National Prohibition Act, tit. 2, § 21 [Comp. St. § 10138½jj]).**

Under the rule ejusdem generis, the word "place," as used in National Prohibition Act, tit. 2, § 21 (Comp. St. § 10138½jj), defining nuisance as any room, house, building, boat, vehicle, structure, or place where intoxicating liquor is manufactured, sold, or bartered, is limited to things of same kind.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Place.]

In Error to the District Court of the United States for the Northern Division of the District of Idaho; Frank S. Dietrich, Judge.

W. M. Koth was convicted of unlawful possession of illicit spirits, possession of still and other property designed for manufacture of liquor, unlawfully manufacturing intoxicating liquor, unlawful transportation, and with keeping, maintaining, and operating a still as a public and common nuisance, as a place where intoxicating liquor was sold, manufactured, kept, and bartered, and he brings error. Affirmed, except as to count for maintaining a nuisance, and as to that reversed and remanded.

Defendant and two others were jointly charged in six counts with violating the National Prohibition Act (Comp. St. § 10138¼ et seq.). Count 1, the unlawful possession of illicit spirits; count 2, possession of a complete still and other property designed for the manufacture of liquor; count 3, unlawfully manufacturing intoxicating liquor at the place designated in the information; count 4, unlawful transportation of intoxicating liquor, the exact amount being unknown; count 5, transportation of intoxicating liquor in one certain Ford automobile; count 6, "keeping, maintaining, and operating a still at that certain place occupied by W. M. Koth, * * * and situated at a ranch about six miles east of Liberty Lake, on Mica Peak, near the Idaho-Washington boundary line, county of Kootenai, state of Idaho, as a public and common nuisance, to wit, as a place where intoxicating liquor containing more than one-half of one per cent. of alcohol, to wit, certain spirituous liquor commonly known as moonshine whisky, the same being designated, intended, and fit for use as a beverage, were sold, manufactured, kept and bartered."

The defendant was convicted on counts 1, 2, 3, 4, and 6. A fine of $500 was imposed on counts 1, 2, and 4, and imprisonment in the county jail for six months on count 3, and four months on count 6, and a fine of $500; jail sentences to run consecutively. From this judgment writ of error is prosecuted. He charges error (a) in the admission of evidence, obtained and seized upon unlawful search; (b) in refusing to require the government to elect as between counts 2 and 3; (c) imposing sentences on counts 1, 2, and 3, as manufacturing and possession of distilled spirits, and manufacturing includes possession of property designed for manufacture.

The testimony shows that as the agents were approaching the premises they detected the odor of fermenting mash and distillation of spirits some quarter of a mile from the house, and saw Randall, a defendant, "coming up the hill from the direction in which they found the still later and in an intoxicated condition, talking to himself and mumbling some words that we didn't distinguish, and he staggered into the house." These premises were not the defendant's place of residence. The agents went down a "stone boat trail some 300 yards to where the still had been pointed out to us, the location of the still, and we found Koth operating the still. There was a fire underneath the cooker of the still, and the finished product was running out of the end of the coil and there was about 40 gallons of the finished product there." ·

At the conclusion of the government's case the defendant moved for a directed verdict of not guilty on the ground that the evidence was obtained by illegal search. This was denied by the court, except as to count 5. The motion was renewed at the close of

the defendant's case, and denied. Exception was taken to the instructions of the court in failing to instruct that a public nuisance or place must be such as to be offensive and annoying to the public, and on the ground that under the evidence there was no house, building, or place as provided by the National Prohibition Act used or employed in the manufacture of liquor. The court clearly defined a nuisance under the National Prohibition Act, and, among other things, said: "If you find that Koth owned and operated this still, and more or less continuously manufactured intoxicating liquor, namely, moonshine whisky, at this particular place, then he would be guilty of maintaining a nuisance. * * * It is continuity of manufacturing or keeping for sale or selling intoxicating liquor that makes the place a nuisance. * * *"

Robertson & Paine, of Spokane, Wash., for plaintiff in error.

H. E. Ray, U. S. Atty., and Sam S. Griffin and William H. Langroise, Asst. U. S. Attys., all of Boise, Idaho.

Before GILBERT and RUDKIN, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge (after stating the facts as above). [1-7] It was not error to receive this evidence. The most that can be said is that the officers were trespassers. Raine v. United States (C. C. A.) 299 F. 407. The court did not err in denying the motion to elect. Congress has power to define offenses and what act shall constitute an offense, and from the pleadings it appears that neither is necessarily or at all included in any of the others. Raine v. United States, supra; Earl v. United States (C. C. A.) 4 F.(2d) 532; Singer v. United States (C. C. A.) 288 F. 695; Bell v. United States (C. C. A.) 285 F. 145; Foster v. United States, 256 F. 207, 167 C. C. A. 423. Nor did the court err in the imposition of sentence under the several counts. The sentence imposed upon counts 1, 2, and 4 did not exceed that which might have been imposed on count 4. There was but one sentence. It was a permissible sentence on count 4.

While count 2, charging possession of property designed for the manufacture of intoxicating liquor at a certain time and place, is merged with count 3, unlawfully manufacturing intoxicating liquor at the same time and place, and count 1, charging possession of intoxicating liquor from the same liquor manufactured in count 3, or transported in count 4, and merged in either one or both (Reynolds v. United States [C. C. A.] 280 F. 1; Morgan v. United States [C. C. A.] 294 F. 82; Tritico v. United States, 4 F.[2d] 664; Patrilo v. United States [C. C. A.] 7 F.[2d] 804; Rouda v. United States [C. C. A.] 10 F.[2d] 917; Dexter v. United States [C. C. A.] 12 F. [2d] 777), no sentence is resting on either count 1 or 2. "Where conviction is had upon more than one count, the sentence, if it does not exceed that which might be imposed on one count, is good if that count is sufficient." Kuehn v. United States (C. C. A.) 8 F.(2d) 265; Wetzel v. United States, 233 F. 984, 147 C. C. A. 658.

The search was not unreasonable. It was upon open premises. "The special protection accorded by the Fourth Amendment to the people in their 'persons, houses, papers, and effects,' is not extended to the open fields. The distinction between the latter and the house is as old as the common law." Hester v. United States, 265 U. S. 57, 44 S. Ct. 445, 68 L. Ed. 898; Raine v. United States, supra. The officers were more than a quarter of a mile from the premises, smelled fermenting mash and fumes of distilling then in progress, and saw a drunken man approach from the direction of the still. Vaught v. United States (C. C. A.) 7 F.(2d) 370; United States v. Borkowski (D. C.) 268 F. 408; United States v. McBride (D. C.) 287 F. 214. The fact that the officers may have been trespassers does not exclude the evidence, after what they saw, heard and smelled. Raine v. United States, supra; Vaught v. United States, supra; Hester v. United States, supra; United States v. McBride, supra; Schulte v. United States (C. C. A.) 11 F.(2d) 105.

[8] Whether the court erred in defining a nuisance depends upon section 21, title 2, of the National Prohibition Act (Comp. St. § 10138½jj). In "any room, house, building, boat, vehicle, structure or place," the word "place" expresses simply locality and not kind. It is an expansive term. It may be synonymous with house, city or town. Inhabitants of Palmer v. Wakefield, 102 Mass. 214. "'Place,' as used in a city ordinance fixing penalty for disorderly conduct in any street, house, or place," implies a definite locality of the some kind or nature or character. Barton v. City of La Grande, 17 Or. 577, 22 P. 111. Qualifying words and terms are necessary to indicate the place. "The word 'place' is a very indefinite term. * * * It may be used to designate a country, state, county, town, or a very small portion of a town. The extent of the locality designated by it must, generally, be

determined by the connection in which it is used." Law v. Fairfield, 46 Vt. 432, 453.

It is clear that the word "place" does not refer to a city, town, or township, and must be determined in the connection of its use, and, under the rule of ejusdem generis, the word "place" in this section, following the special words, "room, house, building, boat, vehicle, structure," is limited to the things of the same kind, something with walls or defined tangible limits, as described by the special words. Hills v. Joseph, 229 F. 865, 144 C. C. A. 147; First Nat. Bank of Anamoose v. United States, 205 F. 374, 124 C. C. A. 256, 46 L. R. A. (N. S.) 1139. See, also, In re Crook (D. C.) 219 F. 979, at page 986; U. S. v. 1,150½ Lbs. Celluloid, 82 F. 627, 27 C. C. A. 231; Crowther v. Fidelity Ins. Trust & Savings Deposit Co., 85 F. 41, 29 C. C. A. 1; Ex parte Carson, 243 P. 260. It is not continuity of conduct, but the place in which it is done.

The judgment is affirmed, except as to count 6, and as to that is reversed and remanded for further proceedings.