## UNITED STATES v. McBRIDE.

(District Court, S. D. Alabama. February 1, 1922.)

1. **Constitutional law** ⊂⊃12—**Provisions not extended to include what is not expressed or necessarily implied.**

Though the Constitution is conclusive so far as it goes, its language cannot be extended to include something which it has not expressed, either directly or by necessary implication.

2. **Searches and seizures** ⊂⊃7—**Constitution does not prevent search of stable.**

Const. Amend. 4, protecting the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches, does not prohibit a search of all premises, but is limited to houses, so that it is not violated by a search of a stable belonging to defendant.

3. **Searches and seizures** ⊂⊃7—**Reasonableness of search does not depend altogether on possession of warrant.**

The Constitution prohibits unreasonable search and seizure, not search without a warrant, and the reasonableness of a search does not altogether depend on the possession by the searcher of a search warrant, since a search under a warrant may be unreasonable, and one without a warrant my be reasonable.

4. **Searches and seizures** ⊂⊃3—**Warrant is necessary only if offense has been completed.**

It is necessary to obtain a warrant before the search only if the alleged offense has been completed, so that an affidavit for the warrant may show the probability of the commission of the offense.

5. **Searches and seizures** ⊂⊃3—**Property forfeited to government can be seized without warrant.**

Though property which belongs to defendant, but which may be used as evidence against him, cannot be seized without a proper search warrant authorizing its seizure, an officer may seize without warrant property in possession of defendant, and which has, under the law, been forfeited to the government.

6. **Searches and seizures** ⊂⊃3—**Officer can search and seize without warrant, if he reasonably believes offense is being committed.**

Const. Amend. 4, providing that no warrant shall issue, except on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the person or things to be seized, contemplates that a crime has been committed, and, if an officer has reason to believe that an offense is being committed, he may search without having a warrant, just as he may arrest without a warrant when an offense has been committed in his presence.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Robert J. McBride was convicted of violating the National Prohibition Act (41 Stat. 305), and he moves to set aside the verdict and judgment. Motion denied.

Judgment affirmed 284 Fed. 416.

Alex. D. Pitts, Dist. Atty., of Selma, Ala., for the United States. J. N. McAleer and Harry T. Smith, both of Mobile, Ala., for defendant.

ERVIN, District Judge. In this case defendant, having been convicted, now makes a motion to set aside the verdict and judgment.

The point pressed upon me in favor of setting aside the verdict is that the court permitted the witnesses to testify as to what they found upon McBride's premises when the search was made thereon without a search warrant having been first secured authorizing them to search such premises. The testimony showed without dispute that McBride did not reside at the place where the search was made; it further showed that the witnesses went upon the premises owned by McBride, where he kept a stable, without having first obtained a search warrant; that while on the premises they smelled the odor of liquor in the process of being distilled; that they recognized the odor, and they began a search of the stable, where they found a trapdoor leading into a cellar, and upon opening the trapdoor and going into the cellar they found a still in full operation; that the trapdoor which led into the cellar was in one of the horse stalls and covered by straw.

The point is made that, as the witnesses had no search warrant, they could not testify to what they learned while upon the McBride premises, and I am cited the case of Holmes v. U. S., 275 Fed. 49. In this opinion the Circuit Court of Appeals of the Fourth Circuit does hold that facts learned by officers in a raid upon the premises of the defendant could not be testified to, where the raid was made without a search warrant, and the court relies upon the cases of Amos v. United States, 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654, and Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647, decided by the Supreme Court. An examination of these cases will show that the Supreme Court does not pass upon the question ruled in the lower court in any of these cases. What the Supreme Court did pass upon was that papers and other effects unreasonably seized without a search warrant should be returned to the person from whom seized, and should not be permitted to be used in the prosecution against him.

It occurs to me that the court in the Holmes Case has not only overlooked the question the Supreme Court passed upon, but has also overlooked the language of the Constitution in reference to the question. The Fourth Amendment of the Constitution reads as follows:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."

This is all the language contained therein which bears upon the question.

[1] It is true that the Constitution is conclusive as far as it goes, but it is also true that the language of the Constitution cannot be extended to include something which it has not expressed, either directly or by necessary implication.

"The government, then, of the United States, can claim no powers which are not granted to it by the Constitution, and the powers actually granted, must be such as are expressly given, or given by necessary implication. On the other hand, this instrument, like every other grant, is to have a reasonable construction, according to the import of its terms; and where a power is expressly given in general terms, it is not to be restrained to particular cases, unless that construction grow out of the context, expressly or by necessary implication. The words are to be taken in their natural and obvious sense, and not in a sense unreasonably restricted or enlarged." Martin v. Hunter, 1 Wheat. 326, 4 L. Ed. 97.

[2] When the Constitution says the people shall be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, it does not mean to say that the lands of a person shall not be searched, nor that the premises of a person shall not be searched, because we all know that there is a very great difference between one's house and one's lands or premises, and the word "house" does not include lands or premises. We therefore see that the framers of the Constitution used a restricted word, the word "house," in guaranteeing against unreasonable searches. I take it there is nowhere any provision against an officer searching one's lands or premises without having a warrant authorizing him to do so.

The facts in the Holmes Case show that the cans discovered by the officers were nearly all outside of the house, but on the premises of Holmes. In fact the case states:

"One of the men went into the house and brought out another can, similar to the one found in the yard."

This can brought out by one of the men was the only thing found in the defendant's house, and if the ordinary meaning of the words used by the Constitution is to be given, then there is no guaranty in the Constitution even against unreasonable searching of one's premises.

[3] The constitutional inhibition is against "unreasonable search and seizure." This word "unreasonable" was put in there in full knowledge of its meaning. There is no guaranty against searching and seizing, nor against searching without a warrant. The question as to whether a search is unreasonable does not depend altogether on whether a warrant was held by the officer. Even if the officer making the search held a warrant and made the search thereunder, it may still be unreasonable, either because the warrant purports to authorize him to seize things or papers it had no right to do, or because the officer seized things or papers the warrant did not authorize him to seize.

If, however, the search was not prohibited as unreasonable, it does not matter whether or not the officers had a warrant. The Constitution does not forbid searching without a warrant. It forbids only unreasonable searches and seizures. The question is not whether the officer had a search warrant; it is whether the search was unreasonable.

[4] The necessity of a warrant before the search is because the alleged offense having been committed—completed—can be set up in the affidavit, and a warrant issued to the officer as his authority to act. If he has no warrant, he necessarily assumes the risk of acting without one.

[5] In Boyd v. United States, 116 U. S. 623, 6 Sup. Ct. 528, 29 L. Ed. 746, it is said:

"The search for and seizure of stolen or forfeited goods, or goods liable to duties and concealed to avoid the payment thereof, are totally different things from a search for and seizure of a man's private books and papers for the purpose of obtaining information therein contained, or of using them as evidence against him. The two things differ toto cœlo. In the one case the government is entitled to the possession of the property; in the other it is not. The seizure of stolen goods is authorized by the common law; and the seizure of goods forfeited for a breach of the revenue laws, or concealed to avoid the duties payable on them, has been authorized by English statutes for at least two centuries past; and the like seizures have been authorized by our own revenue acts from the commencement of the government. * * * So, also, the supervision authorized to be exercised by officers of the revenue over the manufacture or custody of excisable articles, and the entries thereof in books required by law to be kept for their inspection, are necessarily excepted out of the category of unreasonable searches and seizures. So, also, the laws which provide for the search and seizure of articles and things which it is unlawful for a person to have in his possession for the purpose of issue or disposition, such as counterfeit coin, lottery tickets, implements or gambling, etc., are not within this category. * * * Many other things of this character might be enumerated. The entry upon premises, made by a sheriff or other officer of the law, for the purposes of seizing goods and chattels by virtue of a judicial writ, such as an attachment, a sequestration, or an execution, is not within the prohibition of the Fourth or Fifth Amendment, or any other clause of the Constitution; nor is the examination of a defendant under oath after an ineffectual execution, for the purpose of discovering secreted property or credits, to be applied to the payment of a judgment against him, obnoxious to those amendments."

And on page 633 of 116 U. S. (6 Sup. Ct. 534, 29 L. Ed. 746) it says:

"We have already noticed the intimate relation between the two amendments. They throw great light on each other. For the 'unreasonable searches and seizures' condemned in the Fourth Amendment are almost always made for the purpose of compelling a man to give evidence against himself, which in criminal cases is condemned in the Fifth Amendment; and compelling a man 'in a criminal case to be a witness against himself,' which is condemned in the Fifth Amendment, throws light on the question as to what is an 'unreasonable search and seizure' within the meaning of the Fourth Amendment, and we have been unable to perceive that the seizure of a man's private books and papers to be used in evidence against him is substantially different from compelling him to be a witness against himself."

We here find the character of things that can be seized, such as stolen, forfeited, or concealed goods, records the law required defendant to keep and articles or things the law forbids one to have in his possession. We also find the character of things that cannot be seized, such as private books and papers containing entries which might be damaging to such person, and which would in effect be compelling him to furnish testimony against himself. It was the search for and seizure of such things that the Constitution condemned as unreasonable. It may, however, be said that it is unreasonable for an officer to enter and search for these things without a warrant.

In considering what may be seized, the law draws a clear distinction between things forfeited, or that it was illegal for the person to have, and his mere private books and papers, etc., which contained evidence that could be used against him, permitting the seizure of the first and denying it as to the latter, though both were held in the same way. Such things as might be seized could be admitted in evidence over defendant's objection, though they were taken from his possession and against his consent. The fact of defendant's possession and use of these things would be damaging to him, just as much as the entry by him in his private papers of an incriminating fact.

So we see that it is not the fact that the thing was taken from his possession and against his consent that was forbidden, but it was the character of the things taken and the method of taking. Such a thing as burglar tools, though bought or made by defendant, and belonging to him as much as his private books and papers, could be taken and used against him, and it was not compelling him to be a witness against himself to take them from him.

We come now to consider the other phase of the matter, viz. the entry and search by the officer without a search warrant. It was assumed in the objection that the entry by the officer without a warrant was an unconstitutional act, and hence they could not testify to what they found. The Fourth Amendment says:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."

Now we see that no warrant shall be issued, but upon probable cause, etc. This certainly contemplates that a crime has been committed, and there is probable cause to believe that the defendant has committed it, or has certain things used in the commission of it, etc., which he is secreting, and describing the thing and place.

Now, if the crime, instead of having been committed or completed, is only in the process of commission, it is manifest no warrant could be issued. There must be a completed crime, an affidavit of probable cause, and thing to be seized.

This makes a complete analogy to a warrant for the arrest of a person for the commission of an offense. If the offense has been committed, the officers must have a warrant to make the arrest; but, if the offense is committed in his presence, he may arrest without a warrant.

[6] It seems to me, if an officer has reason to believe an offense is then being committed, he may search without having a warrant, just as he may arrest without one when the offense has been committed in his presence. If he may search without a warrant, it is manifest he may also seize the same things that he could if he held the warrant.

The analogy between arresting and searching without a warrant is complete and rests on the same propositions, viz. the necessities of the case. Suppose an officer happens to be in a building and looks across a street into a window, and sees a distillery in actual operation; must he take the time to go get a warrant, when the operators

may escape before he can get it? Suppose he is passing, and hears a scream of murder; must he get a warrant before he can enter? If an officer is in pursuit of an offender, and he goes into a house, must the officer get a warrant?

Take the present facts, when his sense of smell tells him a still is being operated, must he go get a warrant and permit the operator to escape before he can return? I think not.

I conclude in this case the motion should be denied, both because the officers under the facts disclosed had the right to make the search without a warrant, and because the place was not one where the search was forbidden by the Constitution.