## UNITED STATES v. CARLSON et al.

(District Court, W. D. Washington, N. D.   May 19, 1923.)

### No. 7587.

Searches and seizures ⊚⟶3—Affidavit for search warrant held insufficient.

An affidavit which stated no facts showing probable cause and contained no description of property to be searched for *held* insufficient as basis for a search warrant.

Criminal prosecution by the United States against Arvid Carlson and Carl Anderson.  On motion by defendants to suppress evidence. Granted.

The defendants move to suppress testimony obtained under unlawful and illegal search and seizure.  It appears that the search warrant was issued upon affidavit as follows:

"Wm. M. Whitney, being first duly sworn, * * * says that he is a federal prohibition agent; * * * that a crime against the government of the United States in violation of the N. P. A. of Congress has been and is being committed; * * * that * * * one Fred Borg and John Doe, whose true name is unknown, proprietors and employees on the 11th day of December, 1922, and thereafter has been and is possessing and selling intoxicating liquor all for beverage purposes on premises described as 512 Olive street, Seattle, Washington."

Upon this affidavit search warrant was issued. Carlson and Anderson on oath say:

"That the search and seizure mentioned in the foregoing petition was made on the 30th day of December, 1922, at 512 Olive street in the city of Seattle, King county, Washington, in which certain property and articles were taken by the officers making the said search and seizure, and that on account of said search and seizure and as a result thereof each of your affiants has been arrested and held to answer to the United States District Court for said violation of the N. P. A.; that at the time of said search and seizure the officers took and removed from the said premises located at 512 Olive street certain articles and property and that said officers at said time did not give a receipt to either of your affiants, who were present at said time, specifying in detail said articles; and that said officers did not leave a receipt of any kind in the place where the property was found."

Thomas P. Revelle, U. S. Atty., and De Wolfe Emory, Asst. U. S. Atty., both of Seattle, Wash.

Adam Beeler, of Seattle, Wash., for defendants.

NETERER, District Judge (after stating the facts as above).  The motion to suppress must be sustained.  As has been announced from the bench many times, courts must determine an issue upon the facts that are presented, and while this court has heretofore sustained searches made upon defective affidavits, yet facts were presented before the court in all cases, so far as recalled, that have been disposed of, showing that there was reasonable grounds to believe that a crime was being committed, or that the search was not unreasonable.  In this issue as now before the court, predicated solely upon the affidavit which is insufficient, the motion to suppress is sustained, and unless it is established upon the trial that the search was not unreasonable, but was obtained solely upon the search warrant, without

any basis of fact to bring it within the provisions of the Fourth Amendment, the testimony will be excluded upon the trial. The dissenting opinion of Judge Hough in Ganci v. U. S. (C. C. A.) 287 Fed. 60, at page 67, expresses my views. The opinion of Judge Mayer, in the same case, however, expresses the opinion of the court. Elucidating likewise is the decision of Judge Ervin in U. S. v. McBride (D. C.) 287 Fed. 214.

I should like to call the attention of the prohibition enforcing officers and court commissioners as to the discussion of the sufficiency of an affidavit and search warrant, in addition to the above cases, to Lambert v. U. S. (C. C. A.) 282 Fed. 413; Giles v. U. S. (C. C. A.) 284 Fed. 208; U. S. v. Kaplan (D. C.) 286 Fed. 963.