## VAUGHT v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.
August 3, 1925.)

No. 4487.

1. **Intoxicating liquors** ⬉249—**Search and seizure held not illegal.**

Where building searched was not a home or residence, and odors therefrom were that of beer, and things seen in building were such as were used in making beer, it was sufficient to justify reasonable belief that defendant was offending against the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and was sufficient to warrant seizure of beer and instrumentalities used in its making.

2. **Arrest** ⬉63(3)—**Warrants not required for crimes committed in officers' presence.**

For crimes committed in presence of officers a warrant is not required.

3. **Criminal law** ⬉406(4)—**Affidavit annexed to petition for return of property held admissible as defendant's admission.**

Where officers were warranted to enter building and seize beer and instrumentalities used in its making, there was no error in admitting, as admission of defendant, affidavit by him annexed to petition for return of property, wherein he deposed that he was in possession and control of premises described, and that certain persons therein were his employees.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

A. J. Vaught was convicted of unlawful possession of property for manufacture of intoxicating liquor, maintenance of common nuisance, and unlawful manufacture and possession of intoxicating liquor, and he brings error. Affirmed.

Williams, Kelly & McDonald, of San Francisco, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Vaught was convicted of unlawful possession of certain property designed for the manufacture of intoxicating liquor, maintenance of a common nuisance, unlawful manufacture of intoxicating liquor, and unlawful possession of intoxicating liquor.

Before trial he filed a motion that some beer and other property referred to in the information be excluded from evidence and use on the trial, on the ground that the premises in which the property was found were searched, and that the property was seized without reasonable ground for believing that an offense had been or was being committed in or about the premises described. The motion was denied, and exception was saved.

The testimony of the prohibition agents was that they had information that the building was being used for some kind of an illicit brewery; that they went there, and smelled the odor of beer coming from the premises, a large building, with corrugated sides; that they walked to the side of the building, lifted a loosened piece of corrugated iron, looked in, and saw numerous bottles of beer, machinery, and vats, and observed two men rolling barrels; that they went to the front door of the building, and waited there until a man delivered a package, when, as the door was opened and the man entered, they followed and went inside, where they found about 500 cases of beer and machinery suitable for making beer. The agents saw Vaught enter the premises, and, upon being asked by the agent what he was doing there, Vaught replied that "a fellow told him where he could get some good beer," and that he came down to get some. It was proved that the beer was of unlawful strength, and that Vaught was the lessee and in possession and control of the building.

[1, 2] We can see no ground for the contention that the search and seizure were illegal. It was plain that the building was not a home or residence, nor being used as such. The odors which came from it were of beer, and the things seen in the building were such as are used in making beer. There was enough to justify the reasonable be-

lief that defendant was at the time engaged in the commission of offenses defined in the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and to warrant seizure of the beer and the instrumentalities used in making beer. For crimes committed in the presence of officers, warrant is not required. Hester v. United States, 265 U. S. 57, 44 S. Ct. 445, 68 L. Ed. 898; Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543; Garsko v. United States (C. C. A.) 1 F.(2d) 621.

[3] Error is assigned upon the ruling of the court admitting in evidence an affidavit by defendant Vaught, annexed to his petition for a return of the property, wherein Vaught deposed that he was in possession and control of the premises described in the information, and that certain persons in the premises were his employees. The affidavit was properly admitted as an admission by Vaught.

Judgment is affirmed.