THE STATE v. ROSS L. RHODES and BILL RHODES, Appellants.—292 S. W. 78.

Division Two, January 24, 1927.

1. **SEARCH WARRANT: Void: Arrest upon Probable Cause.** An officer may arrest on probable cause without a warrant. If a crime is being committed the sheriff is vested with authority to enter the premises and arrest the offender without a warrant. Notwithstanding the search warrant was void, because it failed to describe the place to be searched as nearly as may be, the sheriff, having smelled liquor and mash before he knocked on the door and while he was ten or fifteen steps from the house on the private road leading thereto, had reasonable grounds or probable cause to suspect a felony was being committed, and evidence that he thereafter found in the basement a still being used in the manufacture of liquor cannot be suppressed, but is admissible.

2. **SEARCH: Based on Sense of Smell.** Since the statute makes the unlawful manufacture of whiskey a felony, the sheriff's sense of smell may apprise him of the fact and location of the manufacture of whiskey, and being so apprised that a felony is being committed in his presence he is authorized on reasonable grounds or probable cause to enter the premises and arrest the offender.

3. **SEARCH AND SEIZURE: Constitutional Protection: Felony in Presence of Officer.** Section 11 of Article 2 of the Constitution, declaring that the people shall be secure in their persons, papers, homes and effects from unreasonable searches and seizure, has no application to a crime being committed in the officer's presence. An officer of the law has authority to arrest a felon while the crime is being committed, and to make an arrest may break and enter a home wherein he has reasonable grounds for a belief that a felony is then being committed, and that he can do without a warrant. To enter a house and arrest a person found perpetrating a felony is no violation of the constitutional protection against unreasonable searches and seizures.

4. **INSTRUCTIONS: Particularity of Assignments.** Instructions given at the trial of a person charged with a felony are not for review upon appeal unless the specific grounds of error therein are set forth in detail and with particularity.

5. **INSUFFICIENT EVIDENCE: Manufacturing Intoxicating Liquor.** A son and father residing two hundred yards apart, in different counties, being jointly indicted for unlawfully manufacturing corn whiskey, and the evidence showing that the son was using a legless stove in the operation of a still in his basement and the evidence being sufficient to show the guilt of the son, evidence tending to show only that the son borrowed from the father a stove, the four legs of which were found at the father's house, a claim of the stove by the father, and an incomplete excavation under

the father's house, is not sufficient to show that the father was interested in the manufacture of whiskey by the son or to sustain a verdict finding him guilty.

Corpus Juris-Cyc. References: **Arrest**, 5 C. J., Section 46, p. 417, n. 4. **Criminal Law**, 16 C. J., Section 1110, p. 571, n. 93; 17 C. J., Section 3349, p. 87, n. 44. **Intoxicating Liquors,** 33 C. J., Section 541, p. 786, n. 51, 54. **Searches and Seizures**, 35 Cyc., p. 1272, n. 64 New.

Appeal from Christian Circuit Court.—*Hon. Fred Stewart*, Judge.

AFFIRMED as to Bill Rhodes and REVERSED as to Rass Rhodes.

*North T. Gentry*, Attorney-General, and *H. O. Harrawood*, Special Assistant Attorney-General, for respondent.

(1) The motion to quash and to suppress the evidence was properly overruled. The application of the prosecuting attorney for the search warrant and the issuance of the same by the justice of the peace, met the requirements of the statutes. The statement of facts in the application is sufficient to show probable cause. Evidence offered by the defense at the hearing of the motion to quash, tending to show that the prosecuting attorney had no personal knowledge of the truth of the facts stated in his application for search warrant, was not admissible. Sec. 25, p. 244, Laws 1923; State v. Halbrook, 279 S. W. 395; State v. Shelton, 284 S. W. 433; State v. Cobb, 273 S. W. 738; State v. Perry, 267 S. W. 831; 33 C. J. 376. (2) The demurrer at the close of all the evidence was properly overruled as to Bill Rhodes. Proof of his guilt was positive and admitted by the defense. Evidence of the guilt of Rass Rhodes was slight; but instructions of the court on this point were exceedingly liberal and weight of evidence was for the consideration of the jury. State v. Howe, 228 S. W. 477; State v. Winkler, 273 S. W. 1043; State v. Cason, 252 S. W. 689; State v. Bennett, 270 S. W. 295; State v. Gatlin, 267 S. W. 797; State v. Cardwell, 279 S. W. 99; State v. Cockrum, 278 S. W. 700. (3) The instructions of the court were proper and particularly fair and liberal toward the defendant. No exceptions were saved to the instructions given by the court, nor was any instruction offered by the defense. State v. Cantlin, 118 Mo. 100; State v. Allbright, 144 Mo. 642; State v. Vinso, 171 Mo. 591.

DAVIS, C.—Defendants, Rass L. Rhodes and Bill Rhodes, were charged in a verified information filed in the Circuit Court of Christian County on January 8, 1926, with feloniously, unlawfully and wilfully manufacturing corn whiskey. Thereafter defendants filed, and the court overruled, a motion to quash the information and suppress the evidence, said motion alleging that the evidence was obtained by means of a search warrant issued in contravention

of Sections 11 and 23 of Article 2 of the Constitution of Missouri.

Subsequently on January 28, 1926, the defendants waived arraignment and entered their pleas of not guilty; on the same day a trial was had before the court and a jury, the jury returning a verdict, regular in form and substance, finding defendants guilty as charged in the information and assessing their punishment each at five hundred dollars and twelve months in the county jail. Within the time allowed by law a motion for a new trial was filed and overruled, allocution was had and judgment and sentence pronounced and entered in accordance with the verdict. Later an appeal was duly allowed defendants to this court.

On October 27, 1925, the Prosecuting Attorney of Christian County executed an affidavit for a search warrant before J. M. Williams, a justice of the peace, who thereupon issued a search warrant for the search of the premises of Bill Rhodes.

The evidence on the part of the State tends to show that Rass Rhodes and Bill Rhodes were father and son, residing about two hundred yards apart in Stone and Christian counties, respectively; that John H. Turner, Sheriff of Christian County, with his deputies, acting under a search warrant issued in pursuance to the above affidavit, visited the home of defendant Bill Rhodes in Christian County in October, 1925, and, after a search of the premises, found defendant Bill Rhodes engaged in operating a still in a basement or dug-out under his dwelling, manufacturing corn whiskey. In addition to a complete outfit for distilling, there was found eight barrels of mash and about twenty gallons of corn whiskey. At the same time the Sheriff of Stone County, operating under another search warrant, was searching the dwelling of Rass Rhodes in Stone County about two hundred yards west of Bill Rhodes's residence. The deputies, executing the search warrant as to Bill Rhodes's premises, thereupon visited the premises of Rass Rhodes and there found four legs of the stove which Bill Rhodes was using in the basement of his dwelling manufacturing whiskey. An incomplete excavation was found under the house of Rass Rhodes similar to the excavation found under the house of Bill Rhodes. The evidence in regard thereto is as follows:

"Q. Did you see the basement that had been started to be dug out over at Rass'? A. Yes sir.

"Q. Describe it to the jury, please. A. Well it had been cut out and dirt throwed back for something like twelve or fifteen feet long.

"Q. How wide? A. I expect six feet.

"Q. Was it big enough to hold six or eight or ten barrels of mash? A. I think so."

The following evidence was relied upon to show circumstances against Rass Rhodes:

"Q. Did you hear Rass Rhodes make a statement in regard to the Red Star oil stove found in the basement of Bill Rhodes' home? A. He claimed the stove; told me, me and him was together, and he told me that."

The testimony of Mrs. Rass Rhodes, for defendant, tended to show that Bill Rhodes came to her house and obtained the oil stove while Rass Rhodes was away from home; that Rass Rhodes knew nothing about it, and that witness would not have let Bill have the stove had she known what he wanted it for. There was evidence offered as to the good reputation of Bill Rhodes.

At the close of the State's case and the whole case, the defendants offered instructions in the nature of demurrers to the evidence, which the court refused to give in each instance. Such other facts as are pertinent to the issues involved will be noted in the opinion.

I.  Without the benefit of a brief in defendants' behalf we must look to the record proper and the motion for a new trial for the assignments of error.

The first assignment of error in the motion for a new trial relates to the overruling of the motion to quash and suppress **Search.** the evidence found on the premises of Bill Rhodes.

While we think the search warrant was void because it failed to describe the place to be searched as nearly as may be, as prescribed by Section 11, Art. 2, of our Constitution, yet the evidence sought to be suppressed was admissible on the theory that the sheriff named in the warrant as executor thereof, before he entered the home of Bill Rhodes, had reasonable grounds or probable cause to and did suspect that a felony was being committed therein. That the above rule is apposite is based on the testimony of the sheriff that he smelled liquor and mash before he knocked on the door and while he was ten or fifteen steps from the house on the private road leading thereto. These facts or knowledge constituted reasonable grounds to suspect that a felony was taking place therein, causing, as we later show, his subsequent entry and that of his deputies to become lawful. That the crime was being committed vested the sheriff with authority to enter, justifying the entry and the arrest without warrant. [McBride v. United States, 287 Fed. 214, affirmed 284 Fed. 416, and *certiorari* denied, 261 U. S. 614.] That an officer may arrest on probable cause without warrant is shown in McKeon v. National Casualty Co., 216 Mo. App. 507, 270 S. W. 707.

II.  The 1923 Intoxicating Liquor Act, Laws 1923, page 236 et seq., defines the manufacture of whiskey a felony. That the sheriff smelled liquor and mash on the road leading to the house, and that his sense

of smell apprised him of the fact and location of the manufacture
of liquor, constitute reasonable grounds or probable cause
**Smell.**     that a felony was being committed in his presence.   The sense
of smell is one of the five senses with which we are endowed to acquire
knowledge, and knowledge of a fact may be transmitted to us through
our sense of smell as accurately as through our senses of hearing, see-
ing, feeling or tasting.   Therefore, as the sheriff's sense of smell ap-
prised him of the fact that liquor was being manufactured, this
apprised him that a felony was being committed, giving him the right
to enter the home of Bill Rhodes to search it and make the arrest.   If
authority is needed to support the rule we refer to McBride v. United
States, supra.

III.   Section 11 of Article 2 of our Constitution reads:

"That the people shall be secure in their persons, papers, homes
and effects from unreasonable searches and seizures; and no warrant
to search any place, or seize any person or thing, shall issue without
describing the place to be searched, or the person or thing to be
seized, as nearly as may be; nor without probable cause, supported by
oath or affirmation reduced to writing."

While we are not unmindful of the provisions of the above section
of the Constitution, nevertheless the situation here presented is not
embraced within the terms of the section.   It has always been ad-
hered to under our form of procedure and theory of government that
an officer of the law is clothed with ample authority to arrest a felon
while the crime is being committed, and to that end may break and
enter a home where he has reasonable grounds to suspect that a fel-
ony is then being committed.

Wharton's Criminal Procedure (10 Ed.), Section 51 states the
rule thus: "A constable or peace officer may, on reasonable suspicion
and without warrant, break open doors; and he has this additional
protection, that it is his duty in the case of a felony
**Constitutional**  being committed, so to act.   Certainly, if he has rea-
**Protection.**     son to believe a felony or an affray is impending, he
has a right to break into a house to prevent it."

In McBride v. United States, 284 Fed. 1. c. 419, the court says:
"At common law it was always lawful to arrest a person without
warrant, where a crime was being committed in the presence of an
officer, and to enter a building, without warrant, in which a crime was
being perpetrated."

It will be observed that only unreasonable searches and seizures
are prescribed by the Constitution, and it has been so held in many
cases.   With probable cause to justly suspect that a felony is in the
course of commission at a certain place, it is not a denial of consti-
tutional rights to enter a house and arrest the person found perpe-

trating the felony, for the search then becomes reasonable and in accord with the Constitution in that regard. The doctrine that a man's house is his castle is not involved in this case, for it has no application to criminal process.

IV. The last three assignments of error noted in the motion for new trial complain generally of the giving of each of the instructions, the admission of incompetent and irrelevant testimony **Instructions.** by the State, and passion and prejudice on the part of the jury. These assignments of error do not set forth in detail and with particularity the specific grounds, as required by Section 4079, Laws, 1925, page 198, as construed by State v. Standifer, 316 Mo. 49, 289 S. W. 856, recently handed down.

V. Inasmuch as the evidence obtained by the sheriff on his search of Bill Rhodes's premises was admissible, it was sufficient to properly submit the question of Bill Rhodes' guilt to the jury.

Rass Rhodes, however, complains that on the evidence adduced against him, the court erred in refusing to instruct the jury to acquit him. This question is raised by instructions offered at the close of the State's testmony and at the close of the whole evidence. The testimony against him goes no further than tending to show that Bill Rhodes borrowed from the home of Rass Rhodes a stove, the four legs of which were at the time of the raid found in Rass Rhodes's home; an incomplete excavation under the house of Rass Rhodes, and the statement by witness that Rass Rhodes claimed the stove: Admitting the verity of the above evidence, it was not sufficient to show that Rass Rhodes was in any wise interested in the manufacture of whiskey carried on by Bill Rhodes, and is insufficient to show him guilty as charged.

Finding no error in the record proper, the judgment and sentence of the court is therefore affirmed as to Bill Rhodes, and reversed as to Rass Rhodes.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.