## UNITED STATES v. KARDOS et al.

District Court, E. D. Pennsylvania. December Term, 1928.

No. 2954.

George W. Coles, U. S. Atty., of Philadelphia, Pa.

John F. McEvoy, of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. The defendants were indicted, tried, and convicted upon an indictment containing two counts. The first count charged the unlawful manufacture of intoxicating liquor, and the second charged the unlawful possession of property designed for the manufacture thereof.

At the trial, the evidence introduced on the part of the government was that two prohibition agents went to the premises of the defendants armed with a search warrant. The warrant was supported by the affidavit of one of the agents, setting out that on February 13, 1928, he had the premises under observation, and observed a truck loaded with corn sugar enter a garage on the premises, and detected the odor of mash in a state of fermentation and of moonshine whisky emanating from the garage, and that he was thoroughly familiar with the odor of mash and moonshine whisky.

It appeared from the testimony that the defendants lived in a brick house upon the premises, and that at the rear of the house was a private garage, built of cement blocks and abutting against the rear wall of the dwelling house; that the brick house was used and occupied by the defendants as a dwelling; that the garage in question had its entrance upon a private lane leading into the premises; and that a window of the dwelling house opened into the garage.

One of the prohibition agents knocked at the door of the dwelling house. The father of the defendant, Frank Kardos, opened the door, and the agent was allowed to enter the house. He passed through two fully furnished rooms, and came to a rear window opening into the garage. Through the window he saw a still in operation, and saw two men open the garage door and run from the premises. He entered the garage through the window.

A motion to strike out the evidence obtained in this manner, and also a motion to direct a verdict for the defendant, were made and denied, and exception allowed.

■ Two contentions were made at the argument: First, that the search warrant was illegal as issued without probable cause. It is contended that the observation of a truck loaded with corn sugar entering the garage and the detection of the odor of fermenting mash and moonshine whisky were not such facts as to constitute reasonable cause for the issuance of a search warrant for a garage, citing United States v. Roma (D. C.) 17 F. (2d) 270; United States v. Milano (D. C.) 17 F.(2d) 334; United States v. Leach (D. C.) 24 F.(2d) 965.

The decisions in those cases are based upon the fact that the odor of alcohol emanating from a garage does not constitute probable cause for a search warrant, because alcohol is used in the radiators of motor cars, and it is quite usual to find it used in garages for that lawful purpose. That distinction was recognized in the Roma Case, and in the Leach Case the warrant was issued for search of a dwelling house, and was held invalid because not based upon sale. It did not cover the outbuildings.

In the instant case, however, the affidavit for the search warrant set out that the affiant detected "the unmistakable odor of mash in the state of fermentation," and that the affiant was thoroughly familiar with that odor.

The evidence through the senses of the odor of mash and the observation of a truck loaded with corn sugar entering the garage was sufficient to establish probable cause for the search warrant.

The second contention is that the garage was a part of the dwelling house, and used as such, and therefore its search was unlawful, under section 25 of title 2 of the National Prohibition Act (27 USCA § 39) and under the Fourth Amendment of the Constitution. Under the evidence, I am of the opinion that the garage did not constitute a part of the dwelling house, used as such. It was built with the rear wall of the dwelling house constituting the rear wall of the garage, and it is true that a window opened from the dwelling house into the garage. The mere connection of the dwelling house with the garage through a rear window of the dwelling is not sufficient to establish that the garage was a part of the dwelling house, notwithstanding the fact that its entrance was upon a private lane, and not upon a public road. No search was made of the dwelling house part of the premises, and there was no contention that the entry of the dwelling house by the prohibition agent was made under the search warrant. The search warrant was not issued nor used for search of the dwelling house, and therefore it was not necessary that the affidavit in its support should set out the sale of intoxicating liquors therein.

The motion in arrest of judgment and for a new trial is denied, and it is ordered that the defendants appear on March 6, 1929, at 10 o'clock a. m., for sentence.