## In re HECKMAN.

District Court, W. D. New York. September 21, 1929.

Michael J. Maher, of Buffalo, N. Y., for petitioner.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Justin C. Morgan, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

HAZEL, District Judge. The prohibition officer suspected that the premises No. 210 Dewey avenue, Buffalo, a place of business, was used, at the rear part, to illegally manufacture beer. His suspicions were aroused by seizure of a so-called wildcat brewery in Cheektowaga, a brewery where beer exceeding the alcoholic content allowed by the National Prohibition Act (27 USCA) was found, and where two compressed car-bonizing tanks were seized, containing certain serial numbers. On inquiry of the seller of the tanks and the driver of a delivery van, the agent learned that the tanks had been originally delivered to defendant Heckman at the premises in question. He inspected the place of delivery and scented a strong odor of beer from the sidewalk, and, upon peering through the rear door of the building, saw beer kegs and cases and carbonizing tanks. On a subsequent visit he saw a man, employed by defendant, wearing heavy rubber boots, walking from the rear door which had been locked, who, he said, smelled strongly of beer. On these facts, set forth in the officer's affidavit, a search and seizure warrant was issued by the United States Commissioner.

The first question on this motion to vacate the warrant is whether probable cause existed for its issuance. The search of the premises, not used as a dwelling, revealed 41 half barrels of beer, 2 quarter barrels of beer, carbonizing tanks, and other articles, to wit, capping machines, bottles, etc., articles used in bottling beer for consumption. There also were seized at the time of the search certain books, papers, and memoranda to which no reference was made in the search warrant and for which no receipt was given defendant. Assuming this to have been a defect, it was waived at the hearing. Even though it had not been, the search and seizure under the search warrant was not invalid. U. S. v. Callahan (D. C.) 17 F.(2d) 937; State v. Noble, 96 W. Va. 432, 123 S. E. 237. The single ground relied on is that the affidavit upon which the search warrant was issued was insufficient in law and and contained merely suspicious circumstances, and hence the search and seizure was in violation of the Fourth Amendment to the Constitution.

In motions of this character, the essential question is whether the search and seizure was unreasonable in view of the facts and circumstances known to the affiant, and whether they were such as to cause him to believe, or have good reason to believe, that a violation of law was being committed on the premises described in the warrant. As said in Feitler v. U. S., 34 F.(2d) 30, 31, 33, recently decided by the Circuit Court of Appeals for the Third Circuit, probable cause "cannot be tested by any fixed rule of law but can be determined by finding that they are such as to warrant a man of sense, prudence and caution in believing that an offense against the law is being committed." When the odor of beer or whisky is detected,

coming from premises not used as a dwelling and not operated under a permit, the thought quite naturally arises that liquors are being manufactured on the premises from whence the odor comes; and, in such case, it can hardly be held that a vigilant officer in the performance of his duty should place no reliance upon his sense of smell or sight. In such case, arrest without warrant and entry of premises for seizure of incriminating evidence has been upheld. See McBride v. U. S. (C. C. A.) 284 F. 416, and cases cited. Of course, the odor of near beer may not be differentiable from that of beer having an alcohol content of more than one-half of one per cent., but we are confronted, in the instant case, with additional facts, viz.: The discovery of articles ordinarily used in the manufacture of contraband, the seemingly secretive manner in which the business was conducted, and the further fact that Heckman apparently was connected in some way with a wildcat brewery wherein earlier seizures had been made. These facts and circumstances were confirmatory of the agent's suspicions, and were sufficient, I think, to eventuate into probable cause for his belief that a crime was being committed. It is not negatived by the fact that carbonic gas tanks, capping machines, and corks are used for conducting a legitimate business, since legitimate pursuits are not ordinarily carried on behind locked doors and covered windows. The finding of probable cause by the Commissioner, in my opinion, was based upon sufficient facts and not mere conclusions. The suggestion that the agent in his investigations, peering through doors and windows, became a trespasser, is insufficient reason for holding the warrant invalid.

The next question challenges the right of the searching officer to seize books and papers. In this circuit it has been held that a crime committed in the presence of the officer carries with it the right, not only to enter the premises to execute the warrant and seize the articles specifically mentioned therein, but also to seize evidence of the crime. This principle finds support in Lee Kwong Nom v. U. S. (C. C. A.) 20 F.(2d) 470; Vachina v. U. S. (C. C. A.) 283 F. 35; and Wiggins v. U. S. (C. C. A.) 272 F. 41, and applies where the arrest is not immediately made by the officer, but where later on, by sufficient affidavit, a search warrant is issued authorizing search of the premises from which fumes of smoking opium, for example, were emitted. See Chief Judge Manton's opinion in Lee Kwong Nom v. U. S., supra. And in Vaught v. U. S. (C. C. A.) 7 F.(2d) 370, the same rule was applied to smelling the odor of beer from a place not used as a dwelling.

In Feitler et al. v. U. S., already mentioned, many articles were seized, not specifically included in the search warrant, but constituting equipment of a bootlegger outfitting establishment. The court held that, as to some of the articles seized, they constituted property, under section 25 of title 2 of the National Prohibition Act (27 USCA § 39), and were intended for use in violation of law. After construing the salient provisions of the act, and reviewing adjudications bearing thereon, the learned court said, "But the purpose of Congress was not merely to prevent the unlawful manufacture of liquor and stop there, but, when unlawfully manufactured, to prevent its flow into illicit trade," and the properties seized and ordered forfeited were within the scope of the provision enacted by Congress for carrying out the purpose of the Eighteenth Amendment. In Marron v. U. S., 275 U. S. 192, 48 S. Ct. 74, 72 L. Ed. 231, in addition to the things particularly described in the warrant, a ledger and bills and other papers were seized, and the return showed seizure only of the described intoxicating liquors. It was decided that the ledger and papers were part of the outfit and actually used to commit the offense, and, though not in the possession of the defendant at the time of his arrest, they were in his control and closely related to the business, and incidental to the right of arrest. I discover no similarity in this case to U. S. v. Spallino (D. C.) 21 F.(2d) 567, decided by me a few years ago, for there the books and papers were not seized as an incident of the arrest, but were forcibly taken from a safe without a search warrant several days following arrest of the accused, and after the return of the search warrant.

The motion of defendant to vacate the search warrant and to suppress evidence is denied.