### UNITED STATES v. SCHULLEK et al.
### No. 1452.

District Court, W. D. Pennsylvania.
Oct. 24, 1930.

Louis E. Graham, U. S. Atty., and James H. Dilley, Asst. U. S. Atty., both of Pittsburgh, Pa.

John M. Haverty, Jr., of Pittsburgh, Pa., for defendants.

McVICAR, District Judge.

Federal prohibition agents by virtue of a search warrant in this case seized 1,042 pints of home brew beer, 4 gallons of wine, three-fourths gallon of wine, 6 barrels of wine, and 4 twenty-gallon crocks of beer mash. The government's chemist at the preliminary hearing testified that the home brew beer had an alcoholic content of 3.74 per cent., and the wine from 12.46 per cent. to 13.08 per cent.

The petition of the defendants before the court is to quash the search warrant and to direct that the things seized be suppressed as evidence, for the reason that the affidavits in support thereof do not establish probable cause, and further because the search warrant does not particularly describe the place to be searched.

The description of the place to be searched as it appears in the search warrant, and the facts in support of the application for a search warrant, appear in the affidavits of the federal prohibition agents, which read:

"That they have good reason to believe and do believe that in and upon certain premises within the Western District of Pennsylvania, to wit, the premises of a two story red brick building with basement, located on Baldwin Street, Bridgeville, Allegheny County, Pa.; there are two open stairways leading to small porch in front of the building, and two small windows in basement underneath said stairways; a side entrance is used to enter the building; there is a large white stone in the top center of building, also a light underneath this stone; this is the only building of this description on Baldwin Street in Bridgeville; that according to Allegheny County Tax Assessment Records for 1930, the owner of the said real estate is The Owls Club, Bridgeville Nest 233; there have been and are now located and concealed intoxicating liquors, (or property for the manufacture of intoxicating liquors) which said liquors (or property) are being sold and possessed for beverage purposes in violation of the National Prohibition Act and of the Statutes of the United States.

"That the facts tending to establish the grounds of this application, and the probable cause of affiant's believing that such facts exist, are as follows:

"That affiants aver that on or about the 8th day of April, 1930, at about the hour of 8:00 P. M. until 8:20 P. M., affiant Delaney saw a number of men enter and leave the above premises, three of those leaving were visibly intoxicated; a number of men could be heard talking very loud and boisterous inside the building; on April 15, 1930, affiant Delaney observed these premises from 7:15 P. M. until 7:30 P. M. and saw a number of men enter and leave the premises; affiant Delaney went to the side door and detected a strong odor of intoxicating liquor emanating from the premises; on April 17, 1930, from about the hour of 8:00 P. M. until 8:30 P. M. affiant Delaney again observed said premises and saw a number of men enter and leave the same, two of the men leaving were visibly intoxicated; on April 24, 1930, affiants Beck and Delaney again observed said premises from about the hour of 10:00 P. M. until 10:30 P. M. and saw a number of men enter and leave the above premises; men could be heard talking very loud in a foreign language; one man was seen to leave visibly intoxicated."

It was admitted at the hearing that the place searched was a two-story red brick building with basement, located on Baldwin street, Bridgeville, Allegheny county, Pa., and that it was owned by the Owls Club, Bridgeville Nest 233, that there was no other Owls Club at Bridgeville, and that any one making a search in pursuance to the above description would be able to locate the property described in the search warrant, which was the property searched by the prohibition agents.

In Steele v. U. S., 267 U. S. 498, 503, 45 S. Ct. 414, 416, 69 L. Ed. 757, the Supreme Court said: "It is enough if the description is such that the officer with a search warrant can, with reasonable effort ascertain and

identify the place intended." See, also, U. S. v. Hefferman, 35 F.(2d) 605 (D. C. E. D. Pa.).

Do the facts averred in the affidavit show probable cause for the issuing of the search warrant? In Carroll v. U. S., 267 U. S. 132, 161, 45 S. Ct. 280, 288, 69 L. Ed. 543, 39 A. L. R. 790, the subject was the seizure of an automobile. Chief Justice Taft, speaking relative to the probable cause which justified an officer in making such a seizure without a search warrant, stated: "If the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing that the offense has been committed, it is sufficient."

In Dumbra v. U. S., 268 U. S. 435, 45 S. Ct. 546, 69 L. Ed. 1032, the rule was applied to a search made under a search warrant. In Feitler et al. v. U. S., 34 F.(2d) 30, 31 (C. C. A. 3), which was a case somewhat analogous in its facts, Judge Woolley, speaking for the court, said: "Whether these facts so averred and sworn to constitute probable cause on which to predicate a valid search warrant cannot be tested by any fixed rule of law but can be determined by finding that they are such as to warrant a man of sense, prudence and caution in believing that an offense against the law is being committed. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790."

See also U. S. v. Borkowski, 268 F. 408 (D. C., S. D. Ohio); McBride v. U. S., 284 F. 416 (C. C. A. 5), certiorari denied 261 U. S. 614, 43 S. Ct. 359, 67 L. Ed. 827; Vaught v. U. S., 7 F.(2d) 370 (C. C. A. 9); U. S. v. Old Dominion Warehouse, 10 F.(2d) 736, 738 (C. C. A. 2); In re Heckman, 35 F.(2d) 209 (D. C., W. D. N. Y.); U. S. v. Kardos, 31 F.(2d) 204 (D. C., E. D. Pa.); Steele v. U. S., 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757, and an opinion of Judge Schoonmaker of this Court, in U. S. v. Bloomfield Italian Independent Club, No. P–1769 Law Docket, affirmed by Circuit Court of Appeals, 3rd Circuit, 46 F.(2d) 645.

In the affidavit, the following facts inter alia, were averred: (1) That the Owls Club, Bridgeville Nest 233, was the owner of the place searched; (2) that on four different dates between April 8, 1930, and April 24, 1930, inclusive, the agents saw a number of men enter and leave said premises; (3) that on three different dates during said time men visibly intoxicated left said premises; (4) that loud and boisterous or loud language on two different dates was heard on said premises; and (5) on one date during said time one of the agents at a side door detected "a strong odor of intoxicating liquor emanating from the premises."

The above facts were sufficient "to warrant a man of sense, prudence and caution in believing that an offense against the law is being committed." These facts were sufficient to warrant the conclusion that intoxicating liquor was possessed on the premises, and that the men coming therefrom, visibly intoxicated, drank some of said liquor. The possession of intoxicating liquor under section 33 of title 2 of the National Prohibition Act (27 USCA § 50) is "prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this chapter."

The petition is refused.