### BLOOMFIELD ITALIAN INDEPENDENT CLUB v. UNITED STATES.
### No. 4441.

Circuit Court of Appeals, Third Circuit.
Jan. 19, 1931.

Warren H. Van Kirk and M. A. Musmanno, both of Pittsburgh, Pa., for appellant.

Louis E. Graham, U. S. Atty., and James H. Dilley, Asst. U. S. Atty., both of Pittsburgh, Pa.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

BUFFINGTON, Circuit Judge.

In a libel of the United States against the Bloomfield Italian Independent Club, the court below decreed the forfeiture of some sixty-eight barrels of wine, of other liquors, a wine press, and a grape grinder. Thereupon the club took this appeal.

That these articles were such as warranted forfeiture is clear, and the case turns on the question of seizure under lawful search warrants. No question of a dwelling house is involved. The premises where the articles were found were owned by the incorporated club and used as a clubhouse. On the afternoon of March 5, 1930, two prohibition agents detected a strong alcoholic odor coming from the clubhouse. On a further visit that night they detected the same characteristic odor. Looking through a rear window, they saw a number of men drinking at tables. Based on these facts, they applied the next day for and were given a search warrant by a United States commissioner. That there was legal warrant for the issue of such warrant is clear. U. S. v. Borkowski (D. C.) 268 F. 408; McBride v. U. S. (C. C. A.) 284 F. 416, certiorari denied 261 U. S. 614, 43 S. Ct. 359, 67 L. Ed. 827; Vaught v. U. S. (C. C. A.) 7 F.(2d) 370.

In pursuance thereof entry on the premises was made and some sixty-eight barrels of supposed wine were found. The magnitude of the unexpected discovery was such, the agents being uncertain of the alcoholic content of the wine and the steward in charge assuring them that the alcoholic content was not unlawful, that the agents took samples and did not then seize. When analysis of the wine showed 11 per cent. alcohol by volume, thereupon the agents, representing such facts, applied the next day for an additional search warrant, which issued, and on the same day they re-entered the premises and seized the wine and other articles now libelled.

Such being the facts, we see nothing illegal and no violation of the rights of the club. The first search warrant and the entry thereunder being legal, the deferring seizure thereunder, pending verification of the steward's assertion evidenced a due regard by the officers of the rights of the club, and the application for the second warrant, and the giving the commissioner information as to the large quantity of wine involved and its unlawful alcoholic content, evidence commendable consideration for, rather than a disregard of, the club's rights. Finding no error, the decree of forfeiture is affirmed.